UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN LANCE,

    Plaintiff,                                                 Civil Action No. 15-CV-12408

vs.                                                     HON. BERNARD A. FRIEDMAN

OAKLAND COUNTY, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE MOTION OF DEFENDANTS OAKLAND COUNTY AND OAKLAND COUNTY CHILDREN'S VILLAGE TO DISMISS

This matter is presently before the Court on the motion of defendants Oakland County and Oakland County Children's Village to dismiss the complaint for failure to state a claim [docket entry 4]. Plaintiff has filed a response in opposition and defendants have filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion on the briefs.

Plaintiff alleges that when he was incarcerated at Oakland County Children's Village, a juvenile detention facility, in July 2010, he was "punched with closed fists and viciously restrained by guards, Defendant staff members Mullins and Owens, Jr[.], among others." Compl. ¶ 9. Plaintiff further alleges that afterwards he "complained of severe pain in his legs and hips to authorities employed by Defendant Oakland County and Children's Village and requested medical attention and accommodations, which was denied for many days." *Id.* ¶ 16. Plaintiff later needed hip surgery that "was directly and proximately caused by the excessive force and misconduct of Defendants[] Oakland County, Children's Village, Mullins and Owens, Jr." *Id.* ¶ 17. The complaint names Oakland County, Oakland County Children's Village Foundation, Mullins, Owens, and another juvenile facility, Boysville of Michigan, to which plaintiff was later transferred.

Plaintiff asserts three claims. In Count I, brought under 42 U.S.C. § 1983, plaintiff alleges that all defendants "deprived [him] of his rights, privileges and immunities [under the] . . . Fourth and Fourteenth Amendments." *Id.* ¶ 25. Count II asserts a tort claim for assault and battery against defendants Owens and Mullins. *Id.* ¶¶ 27, 28. In Count III, entitled "failure to provide medical care and accommodations," plaintiff alleges that defendants Oakland County, Children's Village, and Boysville "refused to provide appropriate care and accommodations for Plaintiff's injuries and aggravations to his hip(s) and leg(s) the breach of said duty amounting to gross negligence and ordinary negligence . . . ." *Id.* ¶ 31.

Defendants Oakland County and Children's Village seek dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue that no § 1983 claim is stated against them because the complaint does not allege that the individual defendants acted pursuant to a county policy or custom, and that no negligence claim is stated against them because the complaint alleges no facts in avoidance of governmental immunity. In response, plaintiff suggests he should be allowed to conduct discovery to search for a county policy or custom and that his allegations of gross negligence suffice to address the immunity issue.

To survive the motion, plaintiff "must allege sufficient facts to 'state a claim to relief that is plausible on its face,' that is, 'that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Leech v. Mayer*, 588 F. App'x 402, 413 (6th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In deciding the motion, the Court accepts the factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In the present case, the complaint does not allege any facts as to Count I that would

allow the Court to make the required inferences.  Plaintiff appears to acknowledge that Oakland County and Children's Village cannot be held liable on the constitutional claim under respondeat superior and that it is his burden to show a county policy or custom that is the "moving force" of the individual defendants' alleged constitutional violations.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).  Plaintiff's suggestion that he should be permitted to discover such a policy or custom does not address defendants' argument that the complaint entirely fails to allege the existence of such policy or custom.  The policy behind the individual defendants' actions must be alleged in the complaint.  *See, e.g., Hodges v. Corizon*, 2015 WL 1511153, at **4-5 (E.D. Mich. Mar. 30, 2015).  The complaint in the present case does not do so.  The Court shall therefore grant defendants' motion as to Count I.

Defendants' motion must be denied as to Count III.  Michigan's governmental immunity statute states, in relevant part, as follows:

> (1) Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function. . . .
>
> \* \* \*
>
> (4) This act does not grant immunity to a governmental agency or an employee or agent of a governmental agency with respect to providing medical care or treatment to a patient, except medical care or treatment provided to a patient in a hospital owned or operated by the department of community health or a hospital owned or operated by the department of corrections and except care or treatment provided by an uncompensated search and rescue operation medical assistant or tactical operation medical assistant.

Mich. Comp. Laws § 691.1407.  As the complaint alleges that defendants denied him medical care, and it is not apparent that Children's Village is owned or operated by the department of community health or the department of corrections, it would appear plaintiff has pled "in avoidance of

governmental immunity." *Mack v. City of Detroit*, 467 Mich. 186, 204 (2002) (stating that plaintiff "pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception."). Accordingly,

IT IS ORDERED that the motion of defendants Oakland County and Oakland County Children's Village Foundation is granted as to Count I and denied as to Count III.

                                                    _s/ Bernard A. Friedman_____
                                                    BERNARD A. FRIEDMAN
                                                    SENIOR UNITED STATES DISTRICT JUDGE

Dated: October 2, 2015
        Detroit, Michigan