**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN MICHIGAN**

MARVIN LANCE,

Plaintiff,

Case No. 15-12408
Hon. Bernard A. Friedman

vs.

OAKLAND COUNTY, OAKLAND COUNTY CHILDREN'S VILLAGE FOUNDATION, STAFF MEMBER MULLINS, STAFF MEMBER OWENS, JR., BOYSVILLE OF MICHIGAN, INC. d/b/a HOLY CROSS CHILDREN'S SERVICES,

Defendant.

_______________________________________________/

David E. Christensen (P45374)
Sarah S. Stempky Kime (P74167)
Christensen Law
Attorneys for Defendant/
Counter Plaintiff
25925 Telegraph Rd., Ste. 200
Southfield, MI 48033
(248) 213-4900

Mary M. Mara (P45114)
Oakland County Corporation Counsel
Attorney for Defendants
Oakland County and
Oakland County Children's Village
1200 N. Telegraph Road, Dept. 419
Pontiac, MI 48341-0419
(248) 975-9616

Plunkett Cooney
Michael D. Weaver P43985
Attorneys for Defendant
Boysville of Michigan d/b/a
Holy Cross Services Serv.
38505 Woodward, Suite 2000
Bloomfield Hills, MI 48034
(248) 901-4025

_______________________________________________/

**<u>ANSWER TO COMPLAINT</u>**

NOW COMES Defendant Oakland County and Oakland County Children's Village, by and through its Attorneys, Oakland County Corporation Counsel and in response to Plaintiff's Complaint states the following:

1. Defendant Oakland County admits only that it is a Constitutional Corporation established under the Constitution and laws of the State of Michigan and that it operates a county juvenile agency ('Children's Village') as that term is defined at MCL 45.622. Defendant Oakland County denies that it operates a division called '*Oakland County Children's Village Foundation*' for the reason that this allegation is untrue.

2. Defendant Oakland County admits only that staff members with the last names of "*Mullins*" and "*Owens, Jr*." were employed as a Youth Specialists with Oakland County Children's Village between July 8, 2010 and July 28, 2010. Defendant Oakland County neither admits nor denies the remaining allegations being without sufficient information or knowledge to answer the same and Plaintiff is left to his proofs.

3. Requires no response by Oakland County.

4. Defendant Oakland County admits that a minor by the name of Marvin Lance was a resident of Children's Village on numerous occasions including, but not limited to, a period between July 8, 2010 and July 28, 2010.

5. Deny for the reason it is untrue. Federal claims brought against Oakland County pursuant to 42 USC §1983 were dismissed by this Court by Opinion and Order dated October 2, 2015 [Docket # 12].

6. Deny for the reason it is untrue. Federal claims brought against Oakland County pursuant to 42 USC §1983 were dismissed by this Court by Opinion and Order dated October 2, 2015 [Docket # 12].

7. Defendant Oakland County admits that this Court is the proper venue for the acts alleged within Plaintiff's complaint but denies that this Court has jurisdiction for the reasons stated in paragraphs 5 and 6 above.

## GENERAL ALLEGATIONS

8. Defendant Oakland County admits only that a minor by the name of Marvin Lance has been a resident at Children's Village. Defendant neither admits nor denies the remaining allegations being without sufficient information or knowledge to answer the same and leaves Plaintiff to his proofs.

9. Defendant Oakland County denies the allegations in paragraph nine in the form and manner alleged as the same are untrue.

10. Defendant Oakland County denies the allegations in paragraph ten in the form and manner alleged as the same are untrue.

11. Defendant Oakland County denies the allegations in paragraph eleven in the form and manner alleged as the same are untrue.

12. Defendant Oakland County denies the allegations in paragraph twelve in the form and manner alleged as the same are untrue.

13. Defendant Oakland County denies the allegations in paragraph thirteen in the form and manner alleged as the same are untrue.

14. Defendant Oakland County denies the allegations in paragraph fourteen in the form and manner alleged as the same are untrue.

15. Defendant Oakland County denies the allegations in paragraph fifteen in the form and manner alleged as the same are untrue.

16. Defendant Oakland County denies the allegations in paragraph sixteen in the form and manner alleged as the same are untrue.

17. Defendant Oakland County denies the allegations in paragraph seventeen in the form and manner alleged as the same are untrue.

18. Defendant Oakland County admits only that a minor resident by the name of Marvin Lance was transferred from Oakland County Children's Village to Boysville of Michigan. Defendant Oakland County denies the remaining allegations in the form and manner alleged as the same are untrue.

19. Defendant Oakland County denies the allegations in paragraph nineteen in the form and manner alleged as the same are untrue.

20. Requires no answer by Oakland County.

21. Defendant Oakland County denies the allegations in paragraph twenty-one in the form and manner alleged as the same are untrue.

**COUNT I: 42 USC § 1983**

22. Defendant incorporates herein all answers set forth in paragraphs 1-21 above.

23. Insofar as the allegations are against Oakland County, this paragraph requires no response as this claim was dismissed against Oakland County by Opinion and Order of this Court dated October 2, 2015 [Docket # 12].

24. Insofar as the allegations are against Oakland County, this paragraph requires no response as this claim was dismissed against Oakland County by Opinion and Order of this Court dated October 2, 2015 [Docket # 12].

25. Insofar as the allegations are against Oakland County, this paragraph requires no response as this claim was dismissed against Oakland County by Opinion and Order of this Court dated October 2, 2015 [Docket # 12].

WHEREFORE, Defendant Oakland County respectfully requests that all claims against it be dismissed by this Honorable Court.

**COUNT II: ASSAULT AND BATTERY**

26. Defendant incorporates herein all answers set forth in paragraphs 1-25 above.

27. Requires no answer by Oakland County.

28. Requires no answer by Oakland County.

WHEREFORE, Defendant Oakland County respectfully requests that all claims against it be dismissed by this Honorable Court.

**COUNT III: FAILURE TO PROVIDE MEDICAL CARE AND ACCOMMODATIONS**

29. Defendant incorporates herein all answers set forth in paragraphs 1-28 above.

30. Defendant Oakland County admits that it has a duty to provide appropriate medical care and treatment to residents of Children's Village but denies the remaining allegations to the extent they allege that the County failed to provide such medical care or treatment to Plaintiff for the reason that they are untrue.

31. Defendant Oakland County denies the allegations for the reason that they are untrue.

WHEREFORE, Defendant Oakland County respectfully requests that all claims against it be dismissed by this Honorable Court.

Respectfully submitted,

OAKLAND COUNTY CORPORATION COUNSEL

*s/Mary M. Mara*
Mary M. Mara
Assistant Corporation Counsel
Attorneys for Oakland County and
Oakland County Children's Village
1200 N. Telegraph Road, Bldg 14E
Pontiac, Michigan 48341-0419
(248) 975-9616
maram@oakgov.com
Attorney Bar No. P 45114

Dated: October 14, 2015

**AFFIRMATIVE DEFENSES**

Defendants, Oakland County and Oakland County Children's Village, by and through its Attorneys, Oakland County Corporation Counsel state the following Affirmative Defenses to the above cause:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's cause of action is barred, in whole or in part, by the applicable statute of limitations governing actions of this nature.

3. Plaintiff's cause of action is barred in total, or at least in part, by absolute and/or qualified immunity, and/or governmental immunity, as provided by common law, statute or case law.

4. Plaintiff's Complaint is barred in whole, or in part, by qualified immunity, based upon Defendants' good faith efforts in carrying out their duties.

5. These Defendants assert that they were guided by and strictly observed all legal duties and obligations imposed by operation of law and otherwise and that all of the actions of his/her agents, servants and employees were careful, prudent, proper and lawful.

6. Any alleged injuries or damages sustained by Plaintiff were the direct and proximate result of his/her own inaction and non-compliance.

7. Any alleged damages sustained by Plaintiff were proximately caused,

totally or in part, by the negligence, comparative negligence and/or contributory negligence of the Plaintiff and, therefore, any recovery by the Plaintiff must be reduced in a percentage amount corresponding to the amount of comparative negligence of the Plaintiff.

8. Plaintiff's cause of action is barred in total, or at least in part, by Plaintiff's failure to mitigate damages.

9. Any alleged damages sustained by Plaintiff were proximately caused, totally or in part, by the negligence, comparative negligence and/or contributory negligence of one other than these Defendants including, but not limited to, co-defendants or other third parties not yet identified and, therefore, any recovery by the Plaintiff should be apportioned and/or proportionately reduced in correspondence to the amount of comparative negligence of the co-defendants and/or other persons not a party to this action.

10. Plaintiff’s civil and/or constitutional rights have not been violated.

11. The actions alleged in Plaintiff's Complaint do not meet the definition of gross negligence as described in MCLA 691.1407.

12. To the extent, if any, that defendants or anyone acting at the direction or in concert with these defendants used force against Plaintiff, such force was privileged and lawful because the force was reasonably applied in the execution of a lawful arrest or in the lawful performance of other police duties.

13. To the extent Plaintiff's federal claims allege respondeat superior, they are barred.

14. Defendant County did not have or otherwise adopt any customs, policies and/or procedures which caused or otherwise were the moving force behind any constitutional violations alleged in Plaintiff's Complaint, nor did any such customs, policies and/or procedures originate from a decision maker with final policy making authority.

15. Defendant County is immune from punitive damages in an action alleging violation of 42 USC §1983. (*City of Newport v Fact Concepts,* 453 US 248 (1981)).

16. Defendants did not act with deliberate indifference as to any known or obvious consequences with respect to the activities alleged in Plaintiff's Complaint and/or as to any constitutional violations.

17. Plaintiff has adequate state remedies which bars some or all of the claims herein.

18. All training and/or discipline provided to Defendants was adequate to the tasks they were to perform and any alleged inadequacies were not the actual or proximate cause of Plaintiff's alleged injuries or damages, nor did they cause the constitutional violations as alleged by Plaintiff.

19. Plaintiff has not alleged facts to show Defendants were deliberately

indifferent to a custom, policy or practice of depriving Plaintiff or those similarly situated of particularized and clearly established constitutional rights.

20. Plaintiff has not alleged a particularized deprivation of a constitutional right which had been clearly established as of the time of the occurrence set forth in the Complaint.

21. Plaintiff has not alleged sufficient facts to show a violation of clearly established law as of the time of the occurrence relative to the conduct of Defendants, exclusively.

22. Plaintiff is not entitled to exemplary or punitive damages by operation of applicable law.

23. This Court lacks subject matter jurisdiction over Plaintiff's remaining claims.

24. Defendants hereby incorporate by reference each and every affirmative defense and/or special defense filed by other Defendants.

25. Defendants hereby reserve the right to amend these affirmative defenses or raise additional special and/or affirmative defenses as may become known through discovery.

Respectfully submitted,

OAKLAND COUNTY CORPORATION COUNSEL

*s/Mary M. Mara*
Mary M. Mara
Assistant Corporation Counsel
Attorneys for Oakland County and
Oakland County Children's Village
1200 N. Telegraph Road, Bldg 14E
Pontiac, Michigan 48341-0419
(248) 975-9616
maram@oakgov.com
Attorney Bar No. P 45114

Dated: October 14, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2015, I electronically filed the foregoing documents (Answer to Complaint) with the Clerk of the Court using the ECF System which will send notification of such filing to the attorney(s) of record and I hereby certify that I have mailed by United States Postal Service the same to the following non-ECF participants: NONE.

Respectfully submitted,

OAKLAND COUNTY CORPORATION COUNSEL

*s/Mary M. Mara*
Mary M. Mara
Assistant Corporation Counsel
Attorneys for Oakland County and
Oakland County Children's Village
1200 N. Telegraph Road, Bldg 14E
Pontiac, Michigan 48341-0419
(248) 975-9616
maram@oakgov.com
Attorney Bar No. P 45114

Dated: October 14, 2015