**UNITED STATED DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARVIN LANCE,

Plaintiff,

vs.

Case No. 15-cv-12408

OAKLAND COUNTY, OAKLAND COUNTY CHILDREN'S VILLAGE FOUNDATION, STAFF MEMBER MULLINS, STAFF MEMBER OWENS, JR., BOYSVILLE OF MICHIGAN, INC., d/b/a HOLY CROSS CHILDREN'S SERVICES,

Defendants.
_____________________________________/

Hon. Bernard A. Friedman
Mag. Judge David R. Grand

**ANSWER TO COMPLAINT WITH RELIANCE ON JURY DEMAND AND AFFIRMATIVE DEFENSES**

DAVID E. CHRISTENSEN P45374
SARAH S. STEMPKY KIME P74167
Christensen Law
Attorneys for Plaintiff
25925 Telegraph Road
Suite 200
Southfield, MI 48033
(248) 213-4900
dchristensen@davidchristensenlaw.com
skime@davidchristensenlaw.com

MARY M. MARA P45114
Oakland County Corporation Counsel
Attorney for Defendants Oakland County,
& Oakland County Children's Village
1200 N. Telegraph Road
Dept. 419
Pontiac, MI 48341-0419
(248) 975-9616
maram@oakgov.com

MICHAEL D. WEAVER P43985
Plunkett Cooney
Attorneys for Defendant Boysville of
Michigan d/b/a Holy Cross Services
Serv.
38505 Woodward
Suite 2000
Bloomfield Hills, MI 48034
Tele: (248) 901-4025
mweaver@plunkettcooney.com

**ANSWER TO COMPLAINT WITH RELIANCE ON JURY DEMAND AND AFFIRMATIVE DEFENSES**

NOW COMES Defendants, BOYSVILLE OF MICHIGAN, INC., d/b/a HOLY CROSS CHILDREN'S SERVICES, by and through Attorneys, PLUNKETT COONEY, and in Answer to Plaintiff's Complaint, states as follows:

**JURISDICTION & VENUE**

1. This allegation is directed to Co-Defendant Oakland County and is more properly answered by that Defendant.

2. This allegation is directed to Co-Defendants Mullins and Owens, Jr., and is more properly answered by those Defendants.

3. In Answer to Paragraph 3, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendant neither admits nor denies the allegation.

4. This Defendant denies that, at any time relevant to this litigation, Marvin Lance was incarcerated at Boysville of Michigan, Inc., d/b/a Holy Cross Children's Services.

5. This Defendant denies that a viable cause of action exists and, accordingly, this allegation is denied.

6. This Defendant denies that a viable cause of action exists and, accordingly, this allegation is denied.

7. This Defendant denies that a viable cause of action exists and, accordingly, this allegation is denied.

## GENERAL ALLEGATIONS

8. In Answer to Paragraph 8, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendant neither admits nor denies the allegation.

9. In Answer to Paragraph 9, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendant neither admits nor denies the allegation.

10. Defendant denies that Mullins or Owens, Jr., are employees, or were employees, of BOYSVILLE OF MICHIGAN, INC., d/b/a HOLY CROSS CHILDREN'S SERVICES. Accordingly, the allegations of this paragraph are denied by this Defendant.

11. In Answer to Paragraph 11, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendant neither admits nor denies the allegation.

12. Defendant denies that Mullins or Owens, Jr., are employees, or were employees, of BOYSVILLE OF MICHIGAN, INC., d/b/a HOLY CROSS CHILDREN'S SERVICES. Accordingly, the allegations of this paragraph are denied by this Defendant.

13. In Answer to Paragraph 13, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendant neither admits nor denies the allegation.

14. In Answer to Paragraph 14, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendant neither admits nor denies the allegation.

15. In Answer to Paragraph 15, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendant neither admits nor denies the allegation.

16. In Answer to Paragraph 16, Defendant denies the allegations contained therein as same are untrue.

17. In Answer to Paragraph 17, Defendant denies the allegations contained therein as same are untrue.

18. In Answer to Paragraph 18, Defendant denies the allegations contained therein as same are untrue.

19. In Answer to Paragraph 19, Defendant denies the allegations contained therein as same are untrue.

20. In Answer to Paragraph 20, Defendant denies the allegations contained therein as same are untrue.

21. In Answer to Paragraph 21, Defendant denies the allegations contained therein as same are untrue.

WHEREFORE, Defendant, BOYSVILLE OF MICHIGAN, INC., d/b/a HOLY CROSS CHILDREN'S SERVICES, prays for a Judgment of No Cause for Action together with costs and attorneys fees so wrongfully sustained in defending this litigation.

**COUNT I**
**42 U.S.C. §1983**

22. Defendants hereby incorporate by reference Paragraphs 1 through 21 of this Answer as though fully stated herein.

23. Defendant objects to this allegation in that it calls for a legal conclusion. By way of further answer, and without waiving the objection, Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegation and, accordingly, Defendant neither admits nor denies the allegation.

24. Defendant denies that at any time relevant to this incident, Plaintiff was incarcerated at BOYSVILLE OF MICHIGAN, INC., d/b/a HOLY CROSS CHILDREN'S SERVICES.

25. In Answer to Paragraph 25, Defendant denies the allegations contained therein as same are untrue.

WHEREFORE, Defendant, BOYSVILLE OF MICHIGAN, INC., d/b/a HOLY CROSS CHILDREN'S SERVICES, prays for a Judgment of No Cause for Action together with costs and attorneys fees so wrongfully sustained in defending this litigation.

**COUNT II**
**ASSAULT & BATTERY**

26. Defendants hereby incorporate by reference Paragraphs 1 through 25 of this Answer as though fully stated herein.

27. This allegation is directed to Co-Defendants Owens, Jr., and Mullins and is more properly answered by those Defendants.

28. This allegation is directed to Co-Defendants Owens, Jr., and Mullins and is more properly answered by those Defendants.

WHEREFORE, Defendant, BOYSVILLE OF MICHIGAN, INC., d/b/a HOLY CROSS CHILDREN'S SERVICES, prays for a Judgment of No Cause for Action together with costs and attorneys fees so wrongfully sustained in defending this litigation.

**COUNT III**

**FAILURE TO PROVIDE MEDICAL CARE AND ACCOMMODATIONS**

29. Defendants hereby incorporate by reference Paragraphs 1 through 28 of this Answer as though fully stated herein.

30. Defendant admits to those duties imposed under the laws of the State of Michigan and denies breaching same.

31. In Answer to Paragraph 31, Defendant denies the allegations contained therein as same are untrue.

WHEREFORE, Defendant, BOYSVILLE OF MICHIGAN, INC., d/b/a HOLY CROSS CHILDREN'S SERVICES, prays for a Judgment of No Cause for Action together with costs and attorneys fees so wrongfully sustained in defending this litigation.

PLUNKETT COONEY

BY: /s/Michael D. Weaver
MICHAEL D. WEAVER P43985
Attorney for Defendant Boysville of
Michigan, Inc., d/b/a Holy Cross
Children's Services
38505 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
Tele: (248) 901-4025

**RELIANCE ON JURY DEMAND**

NOW COMES the above-named Defendant, BOYSVILLE OF MICHIGAN, INC., d/b/a HOLY CROSS CHILDREN'S SERVICES, by and through Attorneys, PLUNKETT COONEY, and hereby relies on the jury demand as filed by Plaintiff on or about July 6, 2015.

PLUNKETT COONEY

BY: /s/Michael D. Weaver
MICHAEL D. WEAVER P43985
Attorney for Defendant Boysville of
Michigan, Inc., d/b/a Holy Cross
Children's Services
38505 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
Tele: (248) 901-4025

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, BOYSVILLE OF MICHIGAN, INC., d/b/a HOLY CROSS CHILDREN'S SERVICES, by and through Attorneys, PLUNKETT COONEY, and submits the following Affirmative Defenses which may be relied upon at the time of trial of this matter:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred by the applicable statute of limitations.

3. Plaintiff's Complaint is barred by governmental immunity.

4. Plaintiff's damages, if any were the result of the acts or omissions of third parties either identified or not yet identified in this litigation.

5. Plaintiff has failed to mitigate his damages.

6. Plaintiff's Complaint is barred in whole, or in part, by qualified immunity, based upon Defendant's good faith efforts in carrying out their duties.

7. This Defendant asserts that it was guided by and strictly observed all legal duties and obligations imposed by operation of law and

otherwise and that all of the actions of his/her agents, servants and employees were careful, prudent, proper and lawful.

8. Any alleged injuries or damages sustained by Plaintiff were the direct and proximate result of his/her own inaction and non-compliance.

9. Any alleged damages sustained by Plaintiff were proximately caused, totally or in part, by the negligence, comparative negligence and/or contributory negligence of the Plaintiff and, therefore, any recovery by the Plaintiff must be reduced in a percentage amount corresponding to the amount of comparative negligence of the Plaintiff.

10. Plaintiff's civil and/or constitutional rights have not been violated.

11. The actions alleged in Plaintiff's Complaint do not meet the definition of gross negligence as described in MCLA 691.1407.

12. To the extent, if any, that Defendants or anyone acting at the direction or in concert with these defendants used force against Plaintiff, such force was privileged and lawful because the force was reasonably applied in the execution of a lawful arrest or in the lawful performance of other police duties.

13. To the extent Plaintiff's federal claims allege respondeat superior, they are barred.

14. Defendant Boysville of Michigan, Inc., d/b/a Holy Cross Children's Services did not have or otherwise adopt any customs, policies and/or procedures which caused or otherwise were the moving force behind any constitutional violations alleged in Plaintiff's Complaint, nor did any such customs, policies and/or procedures originate from a decision maker with final policy making authority.

15. Defendant Boysville of Michigan, Inc., d/b/a Holy Cross Children's Services is immune from punitive damages in an action alleging violation of 42 USC §1983. (*City of Newport v Fact Concepts*, 453 US 248 (1981)).

16. Defendants did not act with deliberate indifference as to any known or obvious consequences with respect to the activities alleged in Plaintiff's Complaint and/or as to any constitutional violations.

17. Plaintiff has adequate state remedies which bars some or all of the claims herein.

18. Plaintiff has not alleged facts to show Defendant was deliberately indifferent to a custom, policy or practice of depriving Plaintiff or those similarly situated of particularized and clearly established constitutional rights.

19. This Court lacks subject matter jurisdiction over Plaintiff's remaining claims.

20. Defendant reserves the right to amend these Affirmative Defenses up until trial of this matter.

PLUNKETT COONEY

BY: /s/Michael D. Weaver
MICHAEL D. WEAVER P43985
Attorney for Defendant Boysville of Michigan, Inc., d/b/a Holy Cross Children's Services
38505 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304
Tele: (248) 901-4025

Dated: October 27, 2015

Open.00240.53269.16090451-1