**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN MICHIGAN**

MARVIN LANCE,

Plaintiff,

Case No.2:15-cv-12408
Judge: Bernard A. Friedman

vs.

OAKLAND COUNTY, OAKLAND COUNTY CHILDREN'S VILLAGE FOUNDATION, STAFF MEMBER MULLINS, STAFF MEMBER JOHN OWENS III,

Defendants.
_______________________________________/

CHRISTENSEN LAW
DAVID E. CHRISTENSEN (P45374)
SARAH S. STEMPKY KIME (P74167)
Attorneys for Defendant/Counter Plaintiff
25925 Telegraph Rd., Ste. 200
Southfield, MI 48033
(248) 213-4900
dchristensen@davidchristensenlaw.com
skime@davidchristensenlaw.com

MARY M. MARA (P45114)
ASSISTANT CORPORATION COUNSEL
Attorneys for Def Oakland Co, Children's Village, Mullins, and Owens
1200 N. Telegraph Road, Bldg 14E
Pontiac, MI 48341-0419
(248) 975-9616
maram@oakgov.com
_______________________________________/

**AMENDED COMPLAINT**

**JURISDICTION AND VENUE**

NOW COMES Plaintiff, MARVIN LANCE, by and through his attorneys, CHRISTENSEN LAW, and for his Complaint, states as follows;

1. Defendant Oakland County operates a division called Oakland County Children's Village Foundation (hereinafter referred to as "Children's Village") in the County of Oakland, State of Michigan.

2. Defendants staff member Mullins and staff member John Owens III were employed as guards by Children's Village and/or Oakland County at all times relevant hereto and were acting under color and scope of the authority vested in them by Defendant Oakland County and/or Children's Village.
3. Plaintiff, Marvin Lance, was incarcerated in Children's Village as a juvenile at all times relevant hereto.
4. Jurisdiction rests with this Court pursuant to 28 U.S.C. Section 1331 as pertains to federal questions posed by 42 U.S.C. Section 1983 claims as brought in this instance by Plaintiff.
5. This Court maintains jurisdiction over Plaintiff's state claims pursuant to the Federal Rule of Civil Procedure 18 and 28 U.S.C. Section 1367 as codifies supplemental jurisdiction or, previously, pendent jurisdiction as was articulated in *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).
6. Venue is proper in the United States District Court for the Eastern District of Michigan as the locus within which the entirety of the events complained of transpired.

**GENERAL ALLEGATIONS**

7. Plaintiff was a 14 year old incarcerated juvenile at Defendant's Children's Village facility in Oakland County, Michigan.
8. Between July 8, 2010 and July 28, 2010, the exact date is unknown, Plaintiff was violently tackled, set upon, punched with closed fists and viciously restrained by guards, Defendant staff members Mullins and John Owens III, among others.
9. On the date these events occurred, Plaintiff was sitting in a living area of Defendant's facility and was directed by Defendant Mullins and/or Defendant John Owens III to go to

the back hall due to inappropriate behavior such as cursing and arguing, but did not include violence or any threat thereof.

10. Apparently this was a time for study and Plaintiff was talking instead of studying.
11. Plaintiff was suddenly and unnecessarily set upon by these Defendants, Mullins and John Owens III, and restrained, hit and lunged upon in a fashion that injured Plaintiff's legs and hips.
12. Plaintiff was hit with closed fists by Defendants, placed in a restraint and tackled and pinned in a fashion that inflicted severe permanent injuries to Plaintiff's hip(s) and leg(s) and necessitated surgery, such force being entirely excessive and unnecessary.
13. Defendant's were aware that Plaintiff was vulnerable to hip and leg injuries and aggravations before they intentionally attacked his legs and hips.
14. The restraint and violence was objectively wholly unnecessary and excessive and no reasonable person would have considered the violence and restraint appropriate or necessary.
15. Following the violent attack, Plaintiff repeatedly complained of severe pain in his legs and hips to authorities employed by Defendant Oakland County and Children's Village and requested medical attention and accommodations, which was denied for many days.
16. Plaintiff was later diagnosed with a hip injury that required surgery and this was directly and proximately caused by the excessive force and misconduct of Defendants Oakland County, Children's Village, Mullins and John Owens III.
17. Plaintiff was forced to undergo surgery for the injuries and aggravations inflicted by these defendants through the violent excessive force and denial of accommodations and medical care for Plaintiff's hip and leg conditions.

WHEREFORE, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

**COUNT I: 42 U.S.C. SECTION 1983**

18. All previous allegations are incorporated herein.
19. That 42 U.S.C. Section 1983 ascribes civil liability for the deprivation of any rights, privileges and immunities vouchsafed by the U.S. Constitution and all the laws of the United States and State of Michigan.
20. That at all times relevant to the events herein complained of, Defendants were acting under color of law and scope of the authority vested in them as guards or staff workers at Defendants' facilities.
21. That at all times material herein, DefendantsChildren's Village, Oakland County, John Owens III, and Mullins deprived Plaintiff of his rights, privileges and immunities vouchsafed by the Constitution of the United States and specifically its Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

**COUNT II: ASSAULT AND BATTERY**

22. All previous allegations are incorporated herein.
23. That Defendants John Owens III, and Mullins did assault and batter Plaintiff.
24. That as a result of the aforesaid assault and battery, Plaintiff suffered serious injuries and aggravations to his hip(s) and leg(s).

WHEREFORE, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

**COUNT III: FAILURE TO PROVIDE MEDICAL CARE AND ACCOMMODATIONS**

25. All previous allegations are incorporated.
26. Defendants Children's Village and Oakland County had a duty to provide appropriate medical care and accommodations for Plaintiff's injuries and aggravations to his hip(s) and leg(s)
27. Defendants Children's Village and Oakland County refused to provide appropriate care and accommodations for Plaintiff's injuries and aggravations to his hip(s) and leg(s) the breach of said duty amounting to gross negligence and ordinary negligence and was the proximate cause and a proximate cause of Plaintiff's injuries, aggravation and surgery.

WHEREFORE, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

Respectfully submitted,

CHRISTENSEN LAW

BY: /s/DAVID E. CHRISTENSEN
DAVID E. CHRISTENSEN (P45374)
SARAH S. STEMPKY KIME (P74167)
Attorneys for Defendant/Counter Plaintiff
25925 Telegraph Rd., Ste. 200
Southfield, MI 48033
(248) 213-4900
dchristensen@davidchristensenlaw.com
skime@davidchristensenlaw.com

Date: June 22, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on 22nd day of June, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing electronically to all participating attorneys.

CHRISTENSEN LAW

BY: /s/DAVID E. CHRISTENSEN______

DAVID E. CHRISTENSEN (P45374)
25925 Telegraph Road, Suite 200
Southfield, MI 48033
(248) 213-4900
Fax: (248) 213-4901
dchristensen@davidchristensenlaw.com