**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN MICHIGAN**

MARVIN LANCE,

Plaintiff,

Case No. 15-12408
Hon. Bernard A. Friedman

vs.

OAKLAND COUNTY, OAKLAND COUNTY CHILDREN'S VILLAGE FOUNDATION, STAFF MEMBER MULLINS, STAFF MEMBER OWENS, III,

Defendants.
______________________________________________________/

David E. Christensen (P45374)
Sarah S. Stempky Kime (P74167)
Christensen Law
Attorneys for Defendant/
Counter Plaintiff
25925 Telegraph Rd., Ste. 200
Southfield, MI 48033
(248) 213-4900

Mary M. Mara (P45114), Litigator
Assistant Corporation Counsel
Attorney for Defendants
Oakland County, Oakland County
Children's Village, Staff Member
Mullins and Staff Member Owens, III
1200 N. Telegraph Road, Dept. 419
Pontiac, MI 48341-0419
(248) 975-9616
______________________________________________________/

**MOTION TO DISMISS AMENDED COMPLAINT**
**ON BEHALF OF JOHN OWENS III**

NOW COMES Defendant John Owens III bringing this Motion to Dismiss Amended Complaint pursuant to Fed. R. Civ. P 12(b)(6) and in support thereof states the following unto this Honorable Court:

1. Plaintiff filed the instant lawsuit on July 6, 2015. [Docket # 1]

2. Plaintiff's complaint alleged, inter alia, that "*[b]etween July 8, 2010 and July 28, 2010, the exact date is unknown, [he] was violently tackled, set upon, punched with closed fists and viciously restrained by guards, Defendant staff members Mullins and Owens Jr., among others*". [Docket # 1, paragraph 9].

3. At all times during the time period alleged within Plaintiff's complaint, John Owens Jr. and John Owens III, two separate and distinct individuals, were employed at Children's Village as Youth Specialists.

4. Plaintiff was aware at the time he filed his complaint on July 6, 2015 that there were two distinct individuals employed at Children's Village as Youth Specialists at all times relevant to his complaint. [See Plaintiff's Motion to Amend Caption and Complaint Due to Misnomer, Docket #34, paragraph 2: "*When filing suit against Defendants, Plaintiff did not have knowledge of the correct complete name of STAFF MEMBERS OWENS JR., (known hereafter as "Owens"). Plaintiff knew 'Owens" was his last name and that here was an older and younger Owens, father and son, that both worked for Defendant Oakland County…and that the younger individual was the Defendant to be named in this case*"].

5. Although Plaintiff may have intended to sue the '*younger individual'* Owens III, neither Oakland County, Children's Village, nor John Owens III had any reason to believe that Plaintiff intended to sue John Owens III instead of John Owens Jr. at the time this lawsuit was filed.

6. Plaintiff filed a motion to extend the summons and complaint for staff Member Mullins and John Owens Jr. on October 27, 2015 and this Court entered an order granting this motion the same day it was filed. [Docket #s 16 and 18].

7. Plaintiff filed a Certificate of Service with this Court on November 17, 2015 indicating that John Owens Jr. had been personally served with a copy of the Complaint. [Docket # 24].

8. John Owens Jr. was not served with the complaint as alleged within the Certificate of Service filed by Plaintiff. The individual served with the complaint against John Owens Jr. was actually John Owens III.

9. Immediately upon receiving notice of what appeared to be an erroneous proof, undersigned counsel advised Plaintiff's counsel in a letter (sent via email and regular mail) that John Owens III had been served with the complaint and not the named Defendant (John Owens Jr.) as indicated in the Certificate of Service.

10. Counsel for Plaintiff responded almost immediately via email stating "*looks like he served the wrong guy*." A copy of this email is attached as Exhibit A.

11. As of November 17, 2015, therefore, it appears that Plaintiff intended to sue John Owens Jr and not John Owens III. Once again, neither Oakland County, Children's Village, John Owens Jr. nor John Owens III *had any reason to*

*know* that Plaintiff intended to sue John Owens III instead of John Owens Jr. Counsel's statement that they had '*served the wrong guy*' suggests that Plaintiff intended to sue John Owens Jr.; at least as of November 11, 2017.

12. Plaintiff filed a Motion to Amend/Correct Misnomer as to Defendant Owens Jr. on February 5, 2016 [Docket # 34].

13. Plaintiff's February 5, 2016 Motion to Amend/Correct Misnomer marks Plaintiff's first attempt to add John Owens III as a Defendant in this action in lieu of John Owens Jr.

14. Plaintiff's February 5, 2016 Motion to Amend/Correct Misnomer was filed seven months beyond the applicable statute of limitations and two days beyond the Court's order extending time for Plaintiff to serve his summons and complaint. [Docket # 18, Order granting [16] Motion To Extend extended time for service to February 3, 2016].

15. Plaintiff's Motion to Amend Caption and Complaint alleged that *"[w]hen filing suit against Defendants, Plaintiff did not have knowledge of the correct complete name of STAFF MEMBERS OWENS JR. (known hereinafter as 'Owens'). Plaintiff knew 'Owens' was his last name and that there was an older and younger Owens, father and son, that both worked for Defendant Oakland County…and that the younger individual was the Defendant to be named in this case"*. [Docket # 34, paragraph 2].

16. The Motion to Amend/Correct Misnomer went on to allege that *"Plaintiff's counsel believes, that based on information known to the Plaintiff, that there was no way to know that Defendant Owens, Jr was the incorrect name, as there were two staff members with nearly the same name working for Defendant Oakland County/Children's Village. This mistake constitutes a misnomer that warrants correction*". [Docket # 34, paragraph 5]

17. Defendants objected to the proposed amendment, arguing that the amendment would be futile as Plaintiff did not seek to correct a misnomer but rather sought to add or substitute a party beyond the applicable statute of limitations. [Docket # 41].

18. This Court granted Plaintiff's motion to amend and reserved ruling on objections raised by Defendants until after the amendment was filed.

19. Plaintiff filed an Amended Complaint with this Court on June 22, 2016 [Docket #49].

20. Defendant Owens III now moves to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P 15(c) for the reasons outlined in the Brief accompanying this Motion.

**WHEREFORE,** Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint which seeks to add John Owens III as a

party to this action as the same comes beyond the applicable statute of limitations and is barred by Fed. R. Civ. P 12(b)(6) and Fed. R. Civ. P 15(c).

Respectfully submitted,

OAKLAND COUNTY CORPORATION COUNSEL

*s/Mary M. Mara*
Mary M. Mara, Litigator
Assistant Corporation Counsel
Attorneys for Oakland County, Oakland County Children's Village, Staff Member Mullins and Staff Member Owens, III.
1200 N. Telegraph Road, Bldg 14E
Pontiac, Michigan 48341-0419
(248) 975-9616
maram@oakgov.com
Attorney Bar No. P 45114

Dated: July 8, 2016

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN MICHIGAN**

MARVIN LANCE,

Plaintiff,

Case No. 15-12408
Hon. Bernard A. Friedman

vs.

OAKLAND COUNTY, OAKLAND COUNTY CHILDREN'S VILLAGE FOUNDATION, STAFF MEMBER MULLINS, STAFF MEMBER OWENS, III,

Defendant.
_____________________________________________/

David E. Christensen (P45374)
Sarah S. Stempky Kime (P74167)
Christensen Law
Attorneys for Defendant/
Counter Plaintiff
25925 Telegraph Rd., Ste. 200
Southfield, MI 48033
(248) 213-4900

Mary M. Mara (P45114), Litigator
Assistant Corporation Counsel
Attorney for Defendants
Oakland County, Oakland County
Children's Village, Staff Member
Mullins and Staff Member Owens, III
1200 N. Telegraph Road, Dept. 419
Pontiac, MI 48341-0419
(248) 975-9616
_____________________________________________/

**BRIEF IN SUPPORT OF MOTION TO DISMISS**
**AMENDED COMPLAINT ON BEHALF OF JOHN OWENS III**

## TABLE OF CONTENT

**INDEX OF AUTHORITIES** .......... ii

**STATEMENT OF ISSUES PRESENTED** .......... iv

**CONTROLLING AUTHORITY** .......... v

**STATEMENT OF FACTS** .......... 1

**ARGUMENT** .......... 4

**CONCLUSION/REQUEST FOR RELIEF** .......... 21

## INDEX OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*, 550 US 544, 570 (2007)....................................................4
*Board of Regents of Univ. of State of NY v. Tomanio*, 446 US 478, 487-88 (1980) .5
*Brown v. Cuyahoga County, Ohio*, 517 F.App'x 431, 433-34 (6th Cir. 2013)........15
*Collyer v Darling*, 98 F.3d 211, 220 (6th Cir. 1996) ..............................................8
*Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ................................... 9, 15, 16
*EEOC v. Regency Windsor Management* , 862 F. Supp 189, 190; 862 F.Supp 1890 (W.D. Mich 1994) ..........................................................................................9
*Finnerty v. Wireless Retail, Inc*., 624 F.Supp 2d 642, 652-53 (E.D. Mich 2009).....8
*Forest v. Parmalee*, 60 Mich App. 401, 231 NW 2d 378 (1975)............................20
*Ham v. Sterling Emergency Services*, 575 Fed. Appx. 610 (6th Cir 2014).............13
*Kircher v. City of Ypsilanti*, 2006 US Dist LEXIS 72312, * 6 (E.D. Mich 2006) ....6
*Krupski v. Costa Crociere*, 560 US 538 (2010)........................................ 16, 17, 18
*Lee v Toshiba Machine Co. of America*, 804 F. Supp. 1029, 1034-35 (ED Tenn. 1992)..........................................................................................................10
*Leitch v. Lievense Ins. Agency*, 928 F.2d 1448, 1449-50 (6th Cir. 1991) ...............10
*Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir 1973) .................................9
*Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1073) ....................... 10, 20
*McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) .......................6
*Miller v. Chapman Contracting*, 477 Mich. 201, 730 NW2d 462, 464 (Mich. Sup. Ct. 2007) .......................................................................................................20
*Nelson v. Adams USA, Inc*., 529 Us 460, 467, n. 1, 120 S. Ct. 1579, 146 L.Ed. 2d 530 (2000)...................................................................................................15
*New Engl. Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ...........................................................................5
*Rhodman v. Church's Fried Chicken*, 2006 U.S. Dist LEXIS 79734 (E.D. Mich 2006)..........................................................................................................11
*Ringrose v. Engelberg Huller Co*., Inc., the Sixth Circuit Court............................20
*Searcy v. County of Oakland*, 735 F. Supp 2d 759, 763 (E.D. Mich 2010).............4
*Sparks v. Bellin Health System*, 2010 US Dist LEXIS 56011 (WD Mich 2010).. 19, 21
*Szabo v. CSX Transportation, Inc*., 1 Fed. App'x 277, 279 (6th Cir. Jan. 4, 2001)...7
*Wright v. Heyne*, 349 F.3d 321, 330 (6th Cir. 2003) ................................................5

**Statutes**

42 USC § 1983.........................................................................................................5
42 USC § 1988.........................................................................................................6

MCL 45.622 .....1
MCL 600.5805(1) .....6
MCL 600.5851 .....6
MCL 600.5851(1) .....6

**Rules**

Fed. R. Civ. P. 12(b)(6) ..... v, 4, 6, 21
Fed. R. Civ. P. 15 .....7
Fed. R. Civ. P. 15(c) ..... passim
Fed. R. Civ. P. 15(c)(1)(C) ..... 7, 8, 16
Fed. R. Civ. P. 15(c)(1)(C)(ii) ..... 16, 17
Fed. R. Civ. P. 4(m) .....10

## STATEMENT OF THE ISSUES PRESENTED

**I. WHETHER PLAINTIFF'S AMENDED COMPLAINT AGAINST JOHN OWENS III, FILED ALMOST ONE YEAR BEYOND THE APPLICABLE STATUTE OF LIMITATIONS PERIOD AND BEYOND THE TIME PERMITTED FOR SERVICE OF THE ORIGINAL SUMMONS AND COMPLAINT PROVIDED FOR BY FED. R. CIV. P 4(m), IS TIME-BARRED**

DEFENDANT ANSWERS: **YES**
PLAINTIFF PRESUMABLY ANSWERS: **NO**

**II. WHETHER PLAINTIFF'S AMENDED COMPLAINT RELATES BACK TO DATE OF THE ORIGINAL COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(c)**

DEFENDANT ANSWERS: **NO**
PLAINTIFF PRESUMABLY ANSWERS: **YES**

## CONTROLLING AUTHORITY

Defendant relies upon Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 15(c) and the authorities cited herein.

## STATEMENT OF FACT

Plaintiff Marvin Lance was held at Oakland County Children's Village, a county juvenile agency as that term is defined at MCL 45.622 , on six different occasions (from May 1-18, 2009; May 27-June 9, 2009; June 26, 2009-January 20, 2010; July 8, 2010 – July 28, 2010; June 21, 2011-July 12, 2011 and August 26, 2011-December 20, 2011). Children's Village is not a separate legal entity but rather is an agency of Oakland County. In a complaint filed July 6. 2015, Plaintiff vaguely alleges that "*between July 8, 2010 and July 28, 2010, the exact date is unknown*", that he was "*violently tackled, set upon, punched with closed fists and viciously restrained by guards, Defendant staff members Mullins and Owens, Jr., among others*".[1]

John Owens, Jr. and John Owens, III were both employed at Children's Village as Youth Service workers during the entire time period alleged within Plaintiff's complaint. John Owens Jr., the originally named defendant in this litigation, retired from County employment on April 8, 2011. John Owens III remains an employee at Children's Village today. During Plaintiff's many 'stays' at Children's Village, he consistently displayed disruptive and/or aggressive behavior requiring frequent intervention by a number of different staff members.

---

[1] Docket # 1, paragraph 9.

As Youth Specialists, both John Owens Jr. and John Owens III had reason to interact with Plaintiff during many of his frequent stays at the Village.

Defendant Oakland County filed a motion to dismiss on July 30, 2015.[2] This Court granted the motion to dismiss in part in an opinion and order dated October 2, 2015.[3] The following claims survived the County's initial motion to dismiss:

- **Count I:** against 'Staff Member Mullins" and "Staff Member Owens Jr." pursuant to 42 USC § 1983;
- **Count II:** against "Staff Member Mullins" and "Staff Member Owen Jr." for alleged assault and battery; and
- **Count III:** against Oakland County and Oakland County Children's Village alleging a state law gross negligence claim for failure to provide medical care and accommodation.[4]

Plaintiff filed a motion to extend the summonses issued for Staff Members Mullins and Staff Owens Jr. on October 27, 2015.[5] This Court granted the Motion and extended the summons until February 3, 2016.[6]

---

[2] Docket # 4.
[3] Docket #12.
[4] Opinion and Order Granting In Part and Denying In Part the Motion of Defendants Oakland County and Oakland County Children's Village to Dismiss, Docket #12.
[5] Docket # 16.
[6] Docket # 18.

On November 17, 2015, Plaintiff filed proof of personal service of the complaint on John Owens Jr. This proof indicated that John Owens Jr. had been served at his place of employment, Oakland County Children's Village.[7] Immediately upon receiving notice of this apparently erroneous proof, undersigned counsel advised Plaintiff's counsel in a letter (sent via email and regular mail) that John Owens III was served with the complaint and not John Owens Jr. as indicated on the proof filed with the Court. Counsel for Plaintiff responded via email stating "*looks like he served the wrong guy*".[8] As of November 17, 2015, therefore, it appeared that Plaintiff intended to sue John Owens Jr. and not John Owens III even though Plaintiff was aware that there were two distinct individuals who worked at Youth Specialists at Children's Village during each of Plaintiff's many 'stays' at the Village.

Plaintiff filed a motion to amend his complaint on February 5, 2016 (seven months after the litigation commenced and two days beyond the time granted by this Court to serve the summons and complaint).[9] Despite objections that the amendment would be futile given the statute of limitations, this Court granted Plaintiff's motion to amend his complaint on May 20, 2016 but indicated on the

[7] Certificate of Service, Docket # 34.
[8] Email, Exhibit A.
[9] Docket #18 Order granting [16] Motion to Extend.

record that it would consider Defendant's limitations objections when raised in response to the Amended Complaint. [Docket # 48].

Plaintiff filed an Amended Complaint adding John Owens III as a Defendant in place or in lieu of John Owens Jr. on June 22, 2016 [Docket # 49]. Defendant John Owens III now moves for summary dismissal of the Amended Complaint as Plaintiff's claims against him expired on July 6, 2015.

Further facts are set forth as necessary below.

## I. PLAINTIFF'S AMENDED COMPLAINT AGAINST JOHN OWENS III, FILED ALMOST ONE YEAR BEYOND THE APPLICABLE STATUTE OF LIMITATIONS PERIOD AND BEYOND THE TIME PERIOD ALLOWED FOR SERVICE OF THE SUMMONS AND COMPLAINT UNDER RULE 4(m), IS TIME-BARRED

A motion to dismiss based on the expiration of the statute of limitations is analyzed under Federal Rule of Civil Procedure 12(b)(6) . *Searcy v. County of Oakland*, 735 F. Supp 2d 759, 763 (E.D. Mich 2010). Fed. R. Civ. P. 12(b)(6) authorizes federal courts to dismiss a pleading for "*failure to state a claim upon which relief can be granted*". When deciding a motion under this Rule, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "*enough facts to state a claim to relief that is plausible on its face*". *Bell Atl. Corp. v. Twombly,* 550 US 544, 570 (2007). Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted when the

statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief. *New Engl. Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). What that means in the statute of limitations context is that dismissal is appropriate if a complaint clearly shows the claim is out of time. *Searcy, supra*, at 764.

"*Among the basic policies served by statute of limitations is preventing plaintiffs from sleeping on their rights and prohibiting the prosecution of stale claims*." *Wright v. Heyne*, 349 F.3d 321, 330 (6th Cir. 2003)(citing *Board of Regents of Univ. of State of NY v. Tomanio*, 446 US 478, 487-88 (1980)). A statute of limitations defines the period of time following the accrual of a cause of action during which an aggrieved party may file a lawsuit seeking damages for the wrong done. These statutes reflect a policy that "*there must come a time after which fairness demands that a defendant should not be harried*".[10]

In the instant case, Plaintiff's amended complaint, filed on June 22, 2016, alleges that "*[b]etween July 8, 2010 and July 28, 2010, the exact date is unknown, Plaintiff was violently tackled, set upon, punched with closed fists and viciously restrained by guards, Defendant staff members Mullins and John Owens III, among others*". [Docket #49, paragraph 8]. Plaintiff's complaint against John Owens III is time-barred. For actions brought under 42 USC § 1983 , state statutes

[10] Matthew Bender, 3-11 Personal Injury - - Actions, Defenses, Damages § 11.15 .

of limitations and tolling principles apply to determine the timeliness of claims.[11] In this case, Michigan's three-year personal injury statute, MCL 600.5805(1) is applicable.[12] Michigan's tolling statutes MCL 600.5851 (claims accruing to a minor) likewise applies.[13]

Applying MCL 600.5805(1), the statute of limitations on Plaintiff's claim against John Owens III would have normally expired in July of 2013. However, because Plaintiff was under the age of 18 at the time his claim accrued, he had until his 19th birthday (i.e. until July 3, 2015) to bring his claim against John Owens III.[14] Plaintiff's amended complaint, filed on June 22, 2016, comes nearly one year after the applicable statute of limitations period had expired. His claim against John Owens III is therefore time-barred and summary dismissal of his claim against this Defendant is required by Fed. R. Civ. P. 12(b)(6). The only way Plaintiff may avoid the limitations period in this matter is to somehow establish that the amended complaint relates back to the date of the original complaint filed on July 6, 2016. Plaintiff cannot do so for the reasons outlined below.

## II. PLAINTIFF'S AMENDED COMPLAINT DOES NOT RELATE BACK TO DATE OF THE ORIGINAL COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(c)

[11] *Kircher v. City of Ypsilanti*, 2006 US Dist LEXIS 72312, * 6 (E.D. Mich 2006); 42 USC § 1988,
[12] See *Kircher, supra*, *7; *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).
[13] *McCune, supra*, at 905.
[14] MCL 600.5851(1) .

Fed. R. Civ. P. 15 governs Plaintiff's amended complaint. This rule provides, in pertinent part:

**RULE 15 AMENDED AND SUPPLEMENTAL PLEADINGS**

**(c) Relation Back of Amendments.**

(1) **When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

*(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment:*

*(i) received such notice of the action that it will not be prejudiced in defending on the merits; and*

*(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.*

Fed. R. Civ. P. 15 (emphasis added). Because Plaintiff seeks to change a party or the naming of a party against whom a claim is asserted, Fed. R. Civ. P. 15(c)(1)(C) governs. See *Szabo v. CSX Transportation, Inc.*, 1 Fed. App'x 277, 279 (6th Cir. Jan. 4, 2001)[15]; *Finnerty v. Wireless Retail, Inc.*, 624 F.Supp 2d 642, 652-53 (E.D.

---

[15] Unpublished decision attached hereto as Exhibit B

Mich 2009) (Rule 15(c)(1)(C) applied to amended complaint which added previously unnamed employer in FMLA case).

Although Plaintiff has previously asserted that he merely seeks to correct a 'misnomer' by way of this Amended Complaint (thereby hoping to avoid the statute of limitations issue altogether), he actually seeks to substitute one party (John Owens Jr.) for another party (John Owens III). Plaintiff does not seek to correct a 'misnomer'; he seeks to add an entirely new party to the litigation beyond the statute of limitations. Plaintiff seeks to substitute one party for another because he failed to determine which of the two individuals he wished to sue before the statute of limitations expired. This is true even though he knew there were two individuals by the same name employed at Children's Village at all times relevant to his complaint.

Plaintiff's failure to figure out the name of the individual he wanted to sue **is not** a '*mistake concerning the proper party's identity*' which would allow a relation back of the amended complaint under Fed. R. Civ. P. 15(c). The Sixth Circuit has consistently held that Rule 15(c) "*allows the correction of misnomers, but not the addition or substitution or new parties after the statute of limitations has expired*". See *Collyer v Darling*, 98 F.3d 211, 220 (6th Cir. 1996)(under Rule 15(c), "*amendments will not survive preclusive application of the statute of limitations unless the amendments are corrections of misnomers*".; See also *Cox v.*

*Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)(Rule 15(c) "*allows the correction of misnomers, but not the addition or substitution of new parties after the statute of limitations has expired.*"; *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir 1973)(Holding that "*an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations*"). The case law is clear in the Sixth Circuit, that Rule 15(c) permits only correction of misnomers, *not the addition or substitution of new parties*. *EEOC v. Regency Windsor Management* , 862 F. Supp 189, 190; 862 F.Supp 1890 (W.D. Mich 1994).

In *EEOC*, *supra*, the Plaintiff alleged that defendant employers Regency Windsor Management Co. ("Windsor") and Regency Oakbrook Ltd. ("Oakbrook") unlawfully discharged Dorothy Wright from employment because of her age. The original complaint named Windsor only as the Defendant employer. Dorothy Wright served as a leasing consultant leasing manager of an apartment complex in Battle Creek owned by Oakbrook. The apartment complex was managed by Oakbrook's agent, Windsor. When it became apparent during discovery that both Oakbrook and Windsor might satisfy the definition of 'employer' under the ADEA, plaintiff moved and was permitted to add Oakbrook. Oakbrook moved to dismiss the claim against it as barred by the applicable statute of limitations. The court noted that because the statute of limitations had expired, the claim against

Oakbrook would be time-barred unless the amended complaint was deemed to relate back to the date of the original complaint pursuant to Fed. R. Civ. P. 15(c). *EEOC, supra*, at 190.

The Court concluded in *EEOC*, *supra*, that the Plaintiff's claim was time-barred as the amended complaint failed to relate back to the original. As explained by the Court:

> In the Sixth Circuit, however, Rule 15(c) has been construed as permitting only correction of misnomers, not the addition or substitution of new parties. *Leitch v. Lievense Ins. Agency*, 928 F.2d 1448, 1449-50 (6th Cir. 1991); *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1073); *Lee v Toshiba Machine Co. of America*, 804 F. Supp. 1029, 1034-35 (ED Tenn. 1992). "An amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations". *Leitch*, *supra*, 928 F.2d at 1449.
>
> Plaintiff's first amended complaint does not correct a "misnomer"; it adds a party. To the extent plaintiff may have erred in its determination that Windsor alone was Dorothy Wright's employer, it is an error for which Rule 15(c) provides no remedy. It was plaintiff's responsibility to investigate and discovery the pertinent facts and it is not entitled to any tolling of the limitation period while doing so. *Lee*, *supra*, 804 F. Supp. at 1035.

*EEOC, supra*, at 190-191.

This case is no different than the EEOC case discussed above. Plaintiff does not seek to correct a '*misnomer*', he seeks to substitute in or add a new party (John Owens III) beyond the applicable statute of limitations and beyond the time allowed for service under Fed. R. Civ. P. 4(m). To the extent Plaintiff may have

erred when he guess which John Owens he intended to sue (even though he was aware at the time he filed his complaint that there were two individuals by this name employed as Youth Specialists during his many 'stays' at Children's Village), this is an error without remedy under Rule 15(c). As noted by the Court in EEOC, it was Plaintiff's responsibility to investigate and discover the pertinent facts, including (and perhaps most especially) the identity of the person he wanted to sue. Plaintiff's amended complaint does not amount to the mere correction of a misnomer but an attempt to substitute parties. As clearly stated in *EEOC* , Rule 15(c) has been construed as permitting only correction of misnomers, not the addition or substitution of new parties.

A similar analysis was undertaken in *Rhodman v. Church's Fried Chicken*, 2006 U.S. Dist LEXIS 79734 (E.D. Mich 2006). Plaintiff Rhodman slipped and fell in a Church's Fried Chicken restaurant. She filed a complaint naming Church's Fried Chicken, as assumed name for AFC enterprises, Inc. (AFC), as a defendant. AFC is the franchisor of the Church's Fried Chicken restaurant at issue. Unbeknownst to Rhodman at the time of filing her complaint, however, Falcon, as the Church's Fried Chicken franchisee, retained sole possession and control of the subject premises. Rhodman did not name Falcon as a defendant when she filed her complaint. *Rhodman*, *supra*, at * 2 .

Rhodman filed an amended complaint naming Falcon as the defendant two weeks beyond the applicable statute of limitations period. The issue was whether the amended complaint related back to the date of the original complaint. The Court held that it did not. According to *Rhodman*:

> Falcon says that 15(c) does not apply because the Court of Appeals for the Sixth Circuit has held that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations". *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973). Instead, Rule 15(c)(3) "has been construed as permitting only correction of misnomers, not the addition or substitution of new parties". *EEOC v. Regency Windsor Management Co.*, 862 F.Supp 189, 190 (W.D. Mich 1994). Falcon says that it is a new party and, as such, the amended complaint does not relate back to the original complaint.
>
> ***
>
> This case is analogous to Regency Windsor. This is not a case where the correct party was served with the original complaint under the wrong name. The lawsuit started out against AFC, a separate and distinct entity from Falcon. *There was no mistake as to the identity of the proper party, there was a lack of knowledge of the proper party.* In her amended complaint, Rhodman added an entirely new party to the action, an entity which she had not attempted to name in the original complaint, and which she knew about as early as September of 2005 when her counsel received a letter stating that Falcon, not AFC, was the proper party. Despite this information, Rhodman did not file an amended complaint until April 12, 2006.

*Rhodman, supra*, *6-*9 (emphasis added).

The rationale of *Rhodman* applies directly to this case. Plaintiff is seeking to add or substitute a new party – (John Owens, III) - in the place and stead of another distinct party - John Owens, Jr. Plaintiff is not attempting to correct a 'misnomer'. If he were, he would merely be moving to amend an erroneous suffix from Jr. to

III. Plaintiff's misnomer argument might hold up if there was just one John Owens employed as a youth specialist at Children's Village during the time at issue in Plaintiff's complaint. In this instance, there happened to be two; both individuals were employed as Youth Specialists and both individuals had reason to come into contact with Plaintiff during his many 'stays' at Children's Village. Although they share the name John Owens, they are distinct individuals and Plaintiff was aware of this at the time he filed his complaint. To compound matters, Plaintiff waitied until after the statute of limitations had expired and after this Court's extending the original summons had expired to move to amend the complaint to add John Owens III as a Defendant. Plaintiff is prohibited from doing so because the statute of limitations has expired. As noted by the court in *EEOC* and echoed in *Rhodman*, it was plaintiff's responsibility to investigate and discover pertinent facts and he is not entitled to any tolling of the limitations period while doing so.

A similar conclusion was reached in *Ham v. Sterling Emergency Services*, 575 Fed. Appx. 610 (6th Cir 2014).[16] In Ham, an untreated spinal abscess rendered plaintiff a paraplegic while he was serving a four-month sentence in the Marshall County Detention Center in Marshall County, Kentucky. When the plaintiff complained to deputy jailers that he couldn't get out of bed, couldn't feel his legs, and that his entire left side was numb, plaintiff was released on bond so that his

[16] Unpublished decision attached hereto as Exhibit C.

family could take him to the emergency room at Marshall County Hospital. When Ham checked into the emergency room at 6:20 p.m., Dr. Forte was the physician on duty. Dr. Forte was identified as the physician on duty on Ham's admission paperwork, and because of how the Hospital computer system works, Forte's name automatically populated Ham's medical charts from the evening as the physician who treated plaintiff. Forte's shift ended at 7:00 pm, however, before he played any role in Ham's care, and he was replaced by Dr. Scott Wilson. Dr. Wilson is the physician who examined plaintiff and discharged him without identifying the spinal abscess but Dr. Wilson's name, aside from two illegible signatures, appears in Ham's records only once, on Ham's discharge form where it stated "you have been seen by Dr. Wilson".

Plaintiff testified at his deposition that he knew Dr. Wilson was the doctor who examined him but he thought that Dr. Forte- who he met before and had spotted as he entered the hospital – was still on the premises and making decisions regarding his care. There was evidence to establish that Plaintiff's attorney was also aware that Dr. Wilson played a role in Ham's care prior to filing suit. Despite Plaintiff's knowledge of the existence of Dr. Wilson as a potential defendant before filing suit, plaintiff filed a complaint one month before the statute of limitations expired against Marshall County, various Detention Center officials, the Hospital where plaintiff was treated, Dr. Forte, and various John and Jane Doe

defendants described as employees and health care professionals of the Detention Center and/or the hospital. The complaint did not name Dr. Wilson. *Ham, supra*, 612-614.

Dr. Forte was served with the complaint and filed his answer a week later stating that he was not the physician who treated him. Shortly thereafter, the hospital filed its initial disclosures listing Dr. Scott Wilson as among the individuals likely to have discoverable information related to plaintiff's claims. A little over three months later, Ham sought leave to amend his complaint to add Wilson as a defendant. The district court granted leave to file the amended complaint to add Wilson and plaintiff filed the amended complaint immediately. Three months after that, Ham dismissed Forte as a defendant. Dr. Wilson later filed a motion for summary judgment contending that plaintiff's claims against him were time-barred. The district court granted the motion and the 6th Circuit affirmed. As explained by the Court in *Ham*:

> The district court concluded that Rule 15(c) does not allow relation back because Ham's failure to name Wilson as a defendant was not the result of a mistake in the relevant sense, it was merely the result of Ham's failure to find out Wilson's name. See *Nelson v. Adams USA, Inc.*, 529 Us 460, 467, n. 1, 120 S. Ct. 1579, 146 L.Ed. 2d 530 (2000). (Rule 15(c) "applies only in cases involving a mistake concerning the identity of the proper party". That may well be right. We have distinguished a plaintiff's mistake concerning the identity of a party from a plaintiff's mere failure to find out a party's identity. See *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); see also *Brown v. Cuyahoga County, Ohio*, 517 F.App'x 431, 433-34 (6th Cir. 2013)("We have previously held that an absence of knowledge is not

a mistake as required by Rule 15(c)(1)(C)(ii).")(citing Cox, 75 F.3d at 240)).

The Court in Ham upheld the district court's motion to dismiss upon finding that Wilson did not receive notice required by Rule 15(c)(1)(C).

The Court's observations regarding Ham's lack of a 'mistake' as required by this Rule is directly applicable to the instant motion. Plaintiff acknowledges that he was aware at the time the incident occurred that there were two individuals named John Owens employed as Youth Specialists at Children's Village at the time the incident occurred. Plaintiff apparently still believed that John Owens Jr. was the individual he intended to sue on November 17th, 2015 (four months after the statute expired) given counsel's statement that they had "*served the wrong guy*" when they served John Owens III. Given Plaintiff's failure to conduct any discovery prior to filing his motion to amend/correct misnomer, it is entirely unclear how plaintiff suddenly came to the conclusion that he meant to sue John Owens III and his failure to do so was a 'mistake' of the kind contemplated and required by Rule 15(c). Plaintiff's failure to investigate and discover pertinent facts (including which of the two John Owens he intended to sue) is an error for which Rule 15(c) provides no remedy.

In *Krupski v. Costa Crociere*, 560 US 538 (2010), the Supreme Court addressed Rule 15(c)'s mistake requirement. In *Krupski*, the plaintiff broke her femur on a cruise ship. She filed suit against an agent for the cruise ship but later

moved to amend her complaint beyond the applicable statute of limitations to name the cruise ship's owner. The Court examined when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations.

The Supreme Court broadly defined 'mistake' as 'an error, misconception, or misunderstanding; an erroneous belief", and provided the following example:

> A plaintiff may know that a prospective defendant – call him party A – exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the 'conduct, transaction or occurrence' giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties. The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him".

*Krupski*, *supra*, at 549.

The Court in *Krupski* acknowledged that "*making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity*". *Krupski*, *supra*, at 549. Krupski explained that "*[a] prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who*

*understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity. Because a plaintiff's knowledge of the existence of a party does not foreclose the possibility that she has made a mistake of identity about which that party should have been aware, such knowledge does not support that party's interest in repose*". *Krupski*, at 549-550.

The Court in *Krupski* concluded that the cruise ship's owner *should have known* that plaintiff's failure to name it as a defendant in her original complaint was due to a mistake concerning the proper party's identity because the complaint made clear that she meant to sue the company that "owned, operated, managed, supervised, and controlled' the ship on which she was injured and also indicated (mistakenly) that the agent performed those roles. *Krupski* at 554. The allegations within the complaint were therefore deemed sufficient to put the owner of the cruise ship on notice that the plaintiff intended to sue the owner as opposed to its agent. The same cannot be said in this instance.

In this instance, Plaintiff's complaint ***does not contain any information*** which would have alerted John Owens III that he was in fact the individual that Plaintiff intended to sue. Both individuals worked at Children's Village during Plaintiff's 'stay'. Both individuals worked as Youth Specialists. Unlike the defendant cruise line owner and agent in Krupski, they are separate and distinct

legal entities. John Owens Jr. and John Owens III do not share an agency relationship or otherwise have an overlapping legal identity. Even Plaintiff was unsure who he wanted to sue on November 17, 2015 when counsel for plaintiff advised undersigned counsel that he had 'served the wrong guy' when he served John Owens III. Under the facts in this case, it is clear that Plaintiff does not seek to correct a misnomer. He seeks to bring Owens III, a completely distinct individual and legal entity, into this action beyond the applicable statute of limitations. Rule 15(c)(1) prohibits relation back in this instance.

Defendant's position is further supported by *Sparks v. Bellin Health System*, 2010 US Dist LEXIS 56011 (WD Mich 2010). The plaintiff in Sparks brought an action for negligence, battery and violation of civil rights under Michigan law against Bellin Health System (Bellin Health), Erick Rosencrantz, MD, and Bellin Memorial Hospital ("BMH"). Her claims related to allegations of sexual assault during a medical examination by Dr. Rosencrantz. BMH was only added as a defendant by Plaintiff after the applicable statute of limitations had expired by way of an amended complaint. BMH argued that the amended complaint did not relate back to the date of the filing of plaintiff's original complaint. *Sparks*, *supra*, at *17-*18. The court agreed and dismissed plaintiff's claim against BMH. The *Sparks* court first acknowledged Sixth Circuit precedence that '*an amendment which adds a new party creates a new cause of action and there is no relation back*

*to the original filing for purposes of limitations'*. *Sparks*, *supra*, at *19. As stated by *Sparks*;

> In *Ringrose v. Engelberg Huller Co.*, Inc., the Sixth Circuit Court further noted:
>
> In Michigan and also under the federal rules, the filing of a complaint against a party stops the running of the statute of limitations as to the claims against that party but not as to new parties. Michigan follows the principles stated in Federal Rule 15(c) that an amendment changing a party against whom a claim is asserted relates back if the party received sufficient notice of the action so as not to be prejudiced in defending the case. In Forest, the Michigan court following the reasoning of our decision in *Marlowe v. Fisher Body*, 489 F.2d 1057 (6th Cir 1973), said" "While the above federal rule would allow the correction of misnomers, it will not allow the addition or substitution of new parties after the expiration of the statute of limitations".
>
> 692 F.2d 403 (6th Cir. 1982)(quoting *Forest v. Parmalee*, 60 Mich App. 401, 231 NW 2d 378 (1975))(other citations omitted).
>
> The Michigan Supreme Court has further confirmed that under Michigan law the amendment of a pleading to add a new party does not relate back to the original pleading unless the amendment serves to correct a technical error in naming the party. See *Miller v. Chapman Contracting*, 477 Mich. 201, 730 NW2d 462, 464 (Mich. Sup. Ct. 2007). In Miller the Michigan Supreme Court reminded the plaintiff that:
>
> > "As a general rule…a misnomer of a plaintiff or defendant is amendable unless the amendment is such as to effect an entire change of parties." The misnomer doctrine applies only to correct inconsequential deficiencies or technicalities in the naming of parties, for example, "[w]here the right corporation has been sued by the wrong name, and service had been made upon the right party, although by a wrong name…." Where, as here, the plaintiff seeks to substitute or add a wholly new

> and different party to the proceedings the misnomer doctrine is inapplicable".

*Sparks*, *supra*, at 464-65 (other citations omitted).

Applying the reasoning of the cases cited above, it is clear that Plaintiff does not seek to correct a 'misnomer'. He does not seek to correct an 'inconsequential deficiency or technicality in the naming of the parties. Plaintiff, in fact, seeks to substitute or add a wholly new and different legal entity to the proceedings. Because he seeks to add or substitute in a new and distinct legal entity, his claims do not relate back under Rule 15(c) and his claims against John Owens III are time-barred and ripe for dismissal under Rule 12(b)(6).

WHEREFORE, Defendants respectfully request that this Honorable Court grant this motion and summarily dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 15(c).

Respectfully submitted,

OAKLAND COUNTY CORPORATION COUNSEL

*s/Mary M. Mara*
Mary M. Mara, Litigator
Assistant Corporation Counsel
Attorneys for Oakland County, Oakland County Children's Village, Staff Member Mullins and Staff Member Owens, III.
1200 N. Telegraph Road, Bldg 14E
Pontiac, Michigan 48341-0419
(248) 975-9616
maram@oakgov.com
Attorney Bar No. P 45114

Dated: July 8, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2016, I electronically filed the foregoing documents (Motion and Brief to Dismiss Amended Complaint on Behalf of John Owens III) with the Clerk of the Court using the ECF System which will send notification of such filing to the attorney(s) of record and I hereby certify that I have mailed by United States Postal Service the same to the following non-ECF participants: NONE.

Respectfully submitted,

OAKLAND COUNTY CORPORATION COUNSEL

*s/Mary M. Mara*
Mary M. Mara, Litigator
Assistant Corporation Counsel
Attorneys for Oakland County, Oakland County Children's Village, Staff Member Mullins and Staff Member Owens, III.
1200 N. Telegraph Road, Bldg 14E
Pontiac, Michigan 48341-0419
(248) 975-9616
maram@oakgov.com
Attorney Bar No. P 45114

Dated: July 8, 2016