Exhibit B

Lexis Advance®
Research

Document:Szabo v. CSX Transp., Inc., 1 Fed. Appx. 277

# Szabo v. CSX Transp., Inc., 1 Fed. Appx. 277

Copy Citation

United States Court of Appeals for the Sixth Circuit

January 4, 2001, Filed

No. 99-4125

**Reporter**

**1 Fed. Appx. 277** | 2001 U.S. App. LEXIS 377

JOHN SZABO, Plaintiff-Appellant, v. CSX TRANSPORTATION, INC., Defendant-Appellee.

**Notice:** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Subsequent History:** Reported in Table Case Format at: 2001 U.S. App. LEXIS 3035.

**Prior History:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO. 97-00793. Weber. 8-17-99.

**Disposition:** AFFIRMED.

Page 3 of 8

## Core Terms

notice, amended complaint, service of process, summary judgment, amend, original complaint, magistrate judge

## Case Summary

### Procedural Posture

Plaintiff appealed from the decisions of the United States District Court for the Southern District of Ohio, which granted summary judgment to defendant in plaintiff's action under the Federal Employers' Liability Act, 45 U.S.C.S. § 51, on statute of limitations grounds, and denied plaintiff's motion to alter or amend that judgment.

### Overview

After suffering a knee injury caused by work, plaintiff brought an action against a rail corporation, serving the corporation's statutory agent for service of process. Plaintiff later discovered that he had named the wrong railroad as a party, and amended his complaint to name defendant. Defendant had the same service of process agent as the rail corporation. The trial court granted defendant's motion for summary judgment, because the amended complaint had been filed outside the statute of limitations period. The court affirmed. The amended complaint did not relate back to the time of the filing of the initial complaint. Though defendant and the rail corporation had the same agent for service of process, they were two separate corporate entities. Plaintiff failed to show that defendant knew or should have known that the action would have been brought against it but for plaintiff's mistake. The original complaint never mentioned defendant or gave any indication that any other railroad was a proper party defendant.

### Outcome

Decisions were affirmed. The trial court appropriately granted summary judgment to defendant, and correctly overruled plaintiff's motion to alter or amend that judgment, because plaintiff's amended complaint did not relate back to its initial filing.

## ▼ LexisNexis® Headnotes

Civil Procedure > Appeals > Summary Judgment Review > General Overview

Civil Procedure > Appeals > Summary Judgment Review > Standards of Review

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

Civil Procedure > ... > Summary Judgment > Supporting Materials > General Overview

Civil Procedure > Appeals > Standards of Review > De Novo Review

***HN1*** The appellate court reviews the grant of summary judgment de novo, using the same legal standard employed by the district court. Thus, such a decision will be upheld where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Furthermore, in reviewing the propriety of the district court's summary judgment determination, the appellate court must construe the evidence and all inferences to be drawn from it in the light most favorable to the non-moving party. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of a scintilla of evidence in support of the non-movant's position will be insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Shepardize* - Narrow by this Headnote

Civil Procedure > ... > Pleadings > Amendment of Pleadings > General Overview

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Relation Back

***HN2*** See Fed. R. Civ. P. 15(c). *Shepardize* - Narrow by this Headnote

Civil Procedure > ... > Pleadings > Amendment of Pleadings > General Overview

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Relation Back

Civil Procedure > ... > Pleadings > Service of Process > General Overview

Civil Procedure > ... > Service of Process > Methods of Service > Service on Agents

***HN3*** For purposes of relation back under Fed. R. Civ. P. 15(c)(3), the notice imputed to a subsequently-added defendant by service of process on an agent for both that entity and for an earlier-named defendant does not necessarily also establish that the second defendant "knew or should have known" that it would have been sued but for a mistake by the plaintiff. *Shepardize* - Narrow by this Headnote

Civil Procedure > ... > Pleadings > Amendment of Pleadings > General Overview

Civil Procedure > Appeals > Summary Judgment Review > General Overview

Civil Procedure > Appeals > Summary Judgment Review > Standards of Review

Civil Procedure > Appeals > Standards of Review > De Novo Review

*HN4* Although the appellate court usually reviews a challenge to a motion to alter or amend only for an abuse of discretion, a de novo standard should apply when summary judgment and a Fed. R. Civ. P. 59(e) motion to alter or amend are on appeal together. *Shepardize* - Narrow by this Headnote

**Counsel:** For JOHN SZABO, Plaintiff - Appellant: Howard Michael Hackman, Worthington, OH.

For CSX TRANSPORTATION, INC., Defendant - Appellee: James Lacey O'Connell, Lindhorst & Dreidame, Cincinnati, OH.

**Judges:** BEFORE: DAUGHTREY and CLAY, Circuit Judges, and RUSSELL, [*]

## Opinion

**[278] PER CURIAM**. The plaintiff, John Szabo, appeals from rulings of the district court granting summary judgment to the defendant, CSX Transportation, Inc., on statute of limitations grounds and denying Szabo's motion to alter or amend that judgment. He contends that his amended complaint, belatedly naming CSX as a defendant in an action brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, should relate back to the time of the filing of the initial complaint so as to bring the action within the applicable limitations period. We disagree, and we thus affirm the judgment of the district court.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are essentially undisputed. The parties to the appeal agree that John Szabo worked in the machinist department of CSX and that of the company's predecessors-in-interest from 1955 until September 6, 1994. In the final years of his employment, Szabo began experiencing knee pain and was first diagnosed as suffering from gout. In September 1994, however, a different physician noted that the cartilage in the plaintiff's knees had worn away and that the resulting friction of the bones in the joint was causing the discomfort of which Szabo complained. That doctor further opined that the condition was caused by the work performed by the plaintiff on the CSX job and thus directed that Szabo retire immediately.

On September 2, 1997, Szabo filed suit under the provisions of the Federal Employers' Liability Act against Consolidated Rail Corporation (Conrail) by serving that corporation's statutory agent for service of process, C.T. Corporation Systems. The plaintiff later discovered that he had named the wrong railroad as a defendant and filed a motion to amend his complaint. That motion was granted and an amended complaint was filed against CSX on

December 7, 1998, again by service of process on C.T. Corporation Systems as the duly registered agent.

CSX subsequently filed a motion for summary judgment, contending that the suit against it was not initiated within the three-year statute of limitations period applicable **[279]** to actions under the Federal Employers' Liability Act. *See* 45 U.S.C. § 56. The magistrate judge, hearing the matter by consent of the parties, agreed. He therefore granted summary judgment in favor of CSX and later denied Szabo's motion to alter or amend that judgment. In his notice of appeal, the plaintiff challenged both rulings, and we therefore find, contrary to the appellee's insistence, that both issues are before us on appeal.

## DISCUSSION

***HN1*** We review the grant of summary judgment *de novo*, using the same legal standard employed by the district court. *See Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994). Thus, such a decision will be upheld where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Furthermore, in reviewing the propriety of the district court's summary judgment determination, we must construe the evidence and all inferences to be drawn from it in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

Before this court, Szabo does not contest the fact that he filed his amended complaint against CSX more than three years after September 6, 1994, the date on which he first discovered that his medical condition was related to his employment with the railroad. Instead, he insists that the late filing of the amended complaint should relate back to the timely filing of the original complaint pursuant to the provisions of Fed. R. Civ. P. 15(c). In relevant part, Rule 15 (c) provides:

> ***HN2*** An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within [120 days after the filing of the complaint], the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Because the amended complaint at issue in this matter purports to change the name of the party against whom the action is brought, the provisions of Rule 15(c)(3) are implicated. Consequently, the amended complaint will relate back to the timing of the original filing only if: (1) the claim in the amended complaint arose out of the conduct, transaction, or occurrence set forth in the first complaint; (2) CSX received such notice of the claim within 120 **[280]** days of September 2, 1997, that CSX will not be prejudiced by defending the

suit; and (3) within 120 days of September 2, 1997, CSX knew or should have known the action would have been brought against it had a mistake not been made by the plaintiff.

CSX admits that the claim against it in the amended complaint arose from the same occurrences set forth in the original complaint filed against Conrail. The defendant vigorously disputes, however, any implication that it had received notice of the claim within the 120 days following the filing of the original complaint. In support of his contrary position, Szabo argues that Conrail's agent for service of process, C.T. Corporation Systems, was also the agent for CSX and that, under the analysis discussed in the Seventh Circuit case of *Peterson v. Sealed Air Corp.*, 902 F.2d 1232 (7th Cir. 1990), the timely service upon Conrail should be imputed to CSX.

*Peterson* does indeed hold that "notice to the special agent -- a person having both apparent and actual authority to receive 'notice' on behalf of the corporation -- is always enough" to satisfy the requirements of Fed. R. Civ. P. 15(c)(3)(A). *Id.* at 1237. The Seventh Circuit reached that conclusion by recognizing that "when a firm appoints someone . . . to be its agent for service of process, it is saying that this is the person whose knowledge counts." *Id.* The strong language from the opinion further suggests that no exceptions to the announced rule are envisioned, even in cases where large, national service of process agents like C.T. Corporation Systems are involved. [1]

This circuit has not yet adopted a blanket rule such as the one developed by the Seventh Circuit. In any event, however, we need not decide at this juncture whether the broad-based pronouncements of *Peterson* should be applied in this circuit, because Szabo cannot establish a genuine issue of fact regarding the further requirements of Fed. R. Civ. P. 15(c)(3)(B). Indeed, as noted by the magistrate judge in this case, even *Peterson* holds that ***HN3*** the notice imputed to a subsequently-added defendant by service of process on an agent for both that entity and for an earlier-named defendant does not necessarily also establish that the second defendant "knew or should have known" that it would have been sued but for a mistake by the plaintiff. As stated by the Seventh Circuit:

> This does not mean that a complaint about a defective automobile naming as defendant General Motors allows the plaintiff to substitute Ford just because the two happen to share an agent for service of process. Rule [15(c)(3)(A)] requires notice; Rule [15(c)(3)(B) adds that relation back is not possible unless within the period of limitations the person to be added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." A firm could have notice (Rule[15 (c)(3)(A)]) without recognizing that it was the right party (Rule [15(c)(3)(B)]). A complaint naming GM that went on and on about the plaintiff's Thunderbird would alert Ford's agent that Ford was the right party; a complaint mentioning a Corvette would not.

*Peterson*, 902 F.2d at 1237.

In this case, the original complaint filed by Szabo never mentioned CSX or gave any indication that any railroad other than Conrail was a proper party defendant. **[281]** Like the scenario painted in the *Peterson* quote, therefore, there is no indication that the later-named defendant knew or should have known that it was the intended defendant at the time of the filing of the complaint. The magistrate judge thus properly granted summary judgment to CSX and ruled that the complaint naming that defendant did not relate back to the date of the filing of the original complaint so as to fall within the applicable limitations period.

Szabo nevertheless contends that he proffered evidence in a motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment that should lead us to reverse the decision of the magistrate judge. ***HN4*** Although we usually review a challenge to a motion to alter or amend only for an abuse of discretion, a *de novo* standard "should apply when summary judgment and a Rule 59(e) motion (motion to alter or amend judgment) are on appeal together." *Fisher v. Ford Motor Co.*, 224 F.3d 570, 574-75 (6th Cir. 2000).

Here, the plaintiff submits that he uncovered evidence from CSX's internet website that the company announced a "strategic merger" with Conrail on October 15, 1996. Thus, maintains Szabo, at the time of the filing of his original complaint in September 1997, Conrail and CSX

were essentially one corporate entity, such that CSX should have known at the time of the filing of the suit against Conrail that Szabo's cause of action also implicated CSX itself.

In response, CSX offered the affidavit of Patricia J. Aftoora, the company's vice-president and corporate secretary, to the effect that although a CSX merger with Conrail was discussed, CSX never consummated such a business transaction. Instead, she claimed that CSX acquired approximately 42 percent "of the rail assets of Conrail," but did not begin operation of former Conrail properties until June 1, 1999. Furthermore, she emphatically stated that "at all times in question and through [July 31, 1999], Conrail has been, and continues to be, a separate corporate entity" from CSX. In light of CSX's sworn evidence, the magistrate judge properly concluded that Szabo's unsubstantiated claims of a merger between CSX and Conrail were insufficient to justify altering or amending the judgment in favor of the defendant.

**CONCLUSION**

For the reasons set out above, we conclude that the magistrate judge appropriately granted summary judgment to CSX on statute-of-limitations grounds and correctly overruled Szabo's motion to alter or amend that judgment. We therefore AFFIRM the judgment of the district court.

**Footnotes**

*

The Hon. Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

1

Indeed, C.T. Corporation Systems was the agent for service of process for the two corporate entities involved in *Peterson*.

**Content Type:** Cases

**Terms:** Szabo v. CSX Transportation, Inc., 1 Fed. App'x 277, 279 (6th Cir. Jan. 4, 2001)

**Narrow By:** -None-

**Date and Time:** Jul 06, 2016 04:58:22 p.m. EDT

LexisNexis® About LexisNexis® Privacy Policy Terms & Conditions Sign Out

Copyright © 2016 LexisNexis. All rights reserved. RELX Group™