Lexis Advance®
Research

Document:Ham v. Sterling Emergency Servs. of the Midwest, Inc.,...

# Ham v. Sterling Emergency Servs. of the Midwest, Inc., 575 Fed. Appx. 610

**Copy Citation**

United States Court of Appeals for the Sixth Circuit

August 7, 2014, Filed

File Name: 14a0607n.06

No. 14-5043

**Reporter**

**575 Fed. Appx. 610** | 2014 U.S. App. LEXIS 15329 | 2014 FED App. 0607N (6th Cir.) | 2014 WL 3882674

TERRELL W. HAM, Plaintiff-Appellant, v. STERLING EMERGENCY SERVICES OF THE MIDWEST, INC.; SCOTT WILSON, M.D., individually and in his official capacity as an employee of Sterling Emergency Services of the Midwest, Inc., Defendants-Appellees.

**Notice:** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Prior History:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY.

Ham v. Marshall County, 2013 U.S. Dist. LEXIS 161414 (W.D. Ky., Nov. 12, 2013)

## Core Terms

amended complaint, notice, tolling, obstructed, parties, limitations period, deceive, district court, requirements, limitations, deposition, provides, mislead, records

## Case Summary

**Overview**

HOLDINGS: [1]-Where plaintiff timely filed tort and civil rights claims, but did not name his treating emergency room physician until after the statute of limitations had expired, the statute was not tolled pursuant to Ky. Rev. Stat. Ann. § 413.190(2), on the basis of the physician's alleged obstruction of prosecution, because the physician's illegible signature and failure to correct the medical records was not calculated to mislead or deceive, and the physician had no reason to hide his identity or delay suit because no cause of action had accrued when he treated plaintiff; [2]-Plaintiff's amended complaint adding the physician did not relate back to the original complaint pursuant to Fed. R. Civ. P. 15(c) because the physician did not receive the actual or constructive notice of the suit required to allow relation back.

**Outcome**

Judgment affirmed.

## ▼ LexisNexis® Headnotes

Governments > Legislation ▾ > Statute of Limitations ▾ > Tolling ▾

***HN1*** See Ky. Rev. Stat. Ann. § 413.190(2). *Shepardize* - Narrow by this Headnote

Governments > Legislation > Statute of Limitations > Tolling

***HN2*** Ky. Rev. Stat. Ann. § 413.190(2) is essentially a recognition in law of an equitable estoppel to prevent a fraudulent or inequitable resort to a plea of limitations. The defendant need not act with bad faith, evil design, or an intent to deceive or mislead or defraud in the technical sense to warrant tolling, but the defendant's conduct nonetheless must have been calculated to mislead or deceive and to induce inaction by the injured party. Generally, the concealment envisioned by § 413.190(2) must represent an affirmative act and cannot be assumed—i.e., it must be active, not passive. A commonly recognized exception to the affirmative act requirement applies where a party remains silent when the duty to speak or disclose is imposed by law. In either event, however, tolling is not warranted unless the defendant's conduct in point of fact misled or deceived the plaintiff, and obstructed him from timely filing suit. A defendant is not obstructed or misled under the provision if the exercise of reasonable diligence would allow him to pursue his claim. The representation or conduct must have been relied upon reasonably and in good faith. *Shepardize* - Narrow by this Headnote

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Relation Back

***HN3*** Fed. R. Civ. P. 15(c)(1)(C) provides that an amendment that changes the party or the naming of the party against whom a claim is asserted relates back to the date of the original pleading if the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading, and if, within 120 days after the complaint is filed, the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c); Fed. R. Civ. P. 4(m). *Shepardize* - Narrow by this Headnote

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Relation Back

***HN4*** An amendment that changes the party against whom a claim is asserted relates back under Fed. R. Civ. P. 15 if the remaining requirements of Rule 15(c)(1)(C) are met. Fed. R. Civ. P. 15(c). *Shepardize* - Narrow by this Headnote

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Relation Back

***HN5*** Under Fed. R. Civ. P. 15(c)(1)(C)(i), an amended complaint does not relate back unless, within the period for service of the summons and complaint, the defendant received such notice of the action that it will not be prejudiced in defending on the merits. Fed. R. Civ. P. 15(c)(1)(C)(i); Fed. R. Civ. P. 4(m). The notice may be actual or constructive. Factors relevant to whether a defendant received constructive notice include the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both original and new defendants, and whether the new defendants are officials of the original defendant. *Shepardize* - Narrow by this Headnote

**Counsel:** For Terrell W. Ham, Plaintiff - Appellant: William Douglas Myers, Jason Lee Williams, Deatherage, Myers & Lackey, Hopkinsville, KY; Gregory A. Belzley, Law Office, Prospect, KY.

For Sterling Emergency Services of The Midwest, Inc., SCOTT WILSON, M.D., Individually and in his official capacity as an employee of Sterling Emergency Services of the Midwest, Inc, Defendants - Appellees: Walter Gregory King, Stoll Keenon Ogden, Louisville, KY; Christopher L. Thacker, Law Offices, Lexington, KY.

**Judges:** BEFORE: GIBBONS, SUTTON, and WHITE, Circuit Judges.

**Opinion by:** HELENE N. WHITE

## Opinion

**[611] HELENE N. WHITE, Circuit Judge.** An untreated spinal abscess rendered appellant Terrell W. Ham paraplegic while he was serving a four-month sentence in the Marshall County Detention Center (MCDC) in Marshall County, Kentucky. This appeal concerns the timeliness of Ham's claims against Dr. Scott Wilson, M.D., the emergency-room physician who examined Ham but failed to identify the abscess, and Sterling Emergency Medical Services of the Midwest, Inc. (Sterling), the practice for which Wilson worked as an independent contractor. Ham concedes that he filed his first amended complaint, naming Sterling and Wilson as defendants for the first time, outside the one-year limitations period applicable to his claims, but he argues that his claims against them are nonetheless timely under Kentucky's tolling statute, and Federal Rule of Civil Procedure 15(c)'s relation-back rule. We AFFIRM the district court's dismissal.

**I.**

On February 19, 2010, Ham complained to deputy jailers at the detention center that he could not get out of bed, could not feel his legs, and that his entire left side was numb. MCDC Jailer Roger Ford released Ham on bond so that his family **[612]** could take him to the emergency room at Marshall County Public Hospital (the Hospital). When Ham checked in at the emergency room registration desk at about 6:20 p.m., Dr. Louis Forte was the physician on duty. Dr. Forte was identified as the physician on duty on Ham's admission paperwork, and because of how the Hospital computer system works, Forte's name automatically populated Ham's medical charts from the evening as the physician who treated Ham. Forte's shift ended at 7:00 p.m., however, before he played any role in Ham's care, and he was replaced by Dr. Scott Wilson. Dr. Wilson is the physician who examined Ham (and discharged him without identifying the spinal abscess), but Dr. Wilson's name, aside from two illegible signatures, appears in Ham's records only once, on Ham's discharge form where it states, "you have been seen by Dr. Wilson."

At his deposition, Ham testified that he knew when he was in the Hospital emergency room that Dr. Wilson was the physician examining him, but he thought that Dr. Forte—who he had

met before and had spotted as he entered the Hospital—was still on the premises and making decisions regarding his care. Ham's sister and daughter corroborated Ham's testimony that he was aware that Dr. Wilson was the physician treating him that night: each testified that Ham complained the next day that he had been unable to see Dr. Forte and was treated by Dr. Wilson instead. R. 134, Deposition of Jessica Ham at 31("[H]e said that he had been treated by a Dr. Wilson because . . . Dr. Forte[] was not in or not available."); R. 139, Deposition of Dottie Hamlet at 31, 66. Wilson testified that he introduced himself to Ham by name (although Ham did not mention that in his testimony, instead saying he could not "exactly remember how [he] found out" Wilson's name). Ham's attorney Douglas Myers was evidently also aware that "Dr. Wilson" played a role in Ham's care. In a letter asking Ham to review an initial draft of the complaint, Myers stated, "[a]s you can see, we have left a blank for Dr. Wilson's first name. Once I have this, I will fill this in."1

Ham filed suit on January 24, 2011—roughly a month before expiration of the statute of limitations on February 21, 2011—but the complaint did not name Wilson, or Sterling, as a defendant. Ham brought claims for medical negligence, the tort of outrage (Kentucky's version of intentional infliction of emotional distress), and violation of his Eighth Amendment rights under 42 U.S.C. § 1983. He named as defendants the County, various MCDC officials, the Marshall County Public Hospital District Corporation (which owns and operates the Hospital), Dr. Forte, and ten John and Jane Does, described as "employees and heath care professionals of the Marshall County Detention Center and/or the Marshall County Hospital." The complaint described the Marshall County Public Hospital District Corporation as Forte's employer.2 In fact, Wilson **[613]** and Forte both worked as independent contractors for Sterling, and Sterling contracted with the Hospital to provide emergency room physicians. The complaint did not name, or mention, Wilson or Sterling.

Forte was served with the complaint on February 15, 2011, and filed his Answer a week later, stating, among other things, that he was not the physician who treated Ham. On March 29, 2011, the Hospital filed its initial disclosures, *see* Fed. R. Civ. P. 26(a)(1), listing Dr. Scott Wilson as among the individuals likely to have discoverable information related to Ham's claims. A little over three months later, on July 5, 2011, Ham sought leave to amend his complaint to add Wilson and Sterling as defendants. The district court granted leave to file the amended complaint on August 2, 2011, and Ham filed it the same day.3 Three months after that, Ham dismissed Forte as a defendant. On March 30, 2012, Wilson and Sterling filed a motion for summary judgment contending that Ham's claims against them were time-barred. The district court granted the motion. Ham appeals that decision and we affirm.

**II.**

Ham does not dispute that his claims are subject to a one-year statute of limitations that expired on or about February 21, 2011. He argues that his claims against Wilson and Sterling are nonetheless timely under (1) Kentucky Revised Statute § 413.190(2), which provides that statutes of limitation are tolled when the defendant obstructs prosecution of the action; and (2) Federal Rule of Civil Procedure 15(c), which provides that amendments to a pleading may relate back to the date of the original pleading under certain circumstances.

A.

Kentucky's tolling statute provides that

> ***HN1*** [w]hen a cause of action . . . accrues against a resident of this state, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced. But this saving shall not prevent the

limitation from operating in favor of any other person not so acting, whether he is a necessary party to the action or not.

K.R.S. § 413.190(2). ***HN2*** The provision "'is essentially a recognition in law of an equitable estoppel . . . to prevent a fraudulent or inequitable resort to a plea of limitations.'" *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 573 (Ky. 2009) (quoting *Adams v. Ison, Ky.*, 249 S.W.2d 791, 793 (Ky. Ct. App. 1952). The defendant need not act with "bad faith, evil design, or an intent . . . to deceive or mislead or defraud in the technical sense" to warrant tolling, but the defendant's conduct nonetheless "must have been *calculated to mislead or deceive* ***[614]*** *and to induce inaction* by the injured party." *Adams*, 249 S.W.2d at 793 (emphasis added). Generally, "the concealment envisioned by KRS 413.190(2) must represent an 'affirmative act' and 'cannot be assumed'—i.e., it must be active, not passive." *Emberton*, 299 S.W.3d at 573 (quoting *Adams*, 249 S.W.2d at 793). A "commonly recognized exception to the affirmative act requirement applies 'where a party remains silent when *the duty to speak or disclose* is imposed by law.'" *Id.* at 574 (quoting *Gailor v. Alsabi*, 990 S.W.2d 597, 603, 46 3 Ky. L. Summary 16 (Ky. 1999)). In either event, however, tolling is not warranted unless the defendant's conduct "in point of fact" misled or deceived the plaintiff, and obstructed him from timely filing suit. *Adams*, 249 S.W.2d at 792. A defendant is not obstructed or misled under the provision if the exercise of reasonable diligence would allow him to pursue his claim. *See Greywolf v. Roman Catholic Diocese of Covington*, No. 2010-CA-000814-MR, 2011 Ky. App. Unpub. LEXIS 575, 2011 WL 3361342, at *3 (Ky. Ct. App. Aug. 5, 2011) ("[N] otwithstanding the application of the tolling provision, the law still imposes a duty on a plaintiff to exercise reasonable care and diligence in pursuing a cause of action."); *see also Adams*, 249 S.W.2d at 793 ("[T]he representation or conduct must have been relied upon reasonably and in good faith.").

Ham contends that Dr. Wilson obstructed prosecution of Ham's action by signing Ham's medical records illegibly and failing to replace Dr. Forte's name with his own. Ham Br. 18 (arguing that Ham "was misled by Dr. Wilson signing medical records indicating that another physician had treated him in the ER on the night of February 19, 2010"); *see also id.* at 21-22 ("Dr. Wilson's fiduciary duty, including his duty to ensure accurate medical records, required him to fully and accurately disclose his identity when documenting Ham's medical treatment."). The record belies any contention that Wilson's illegible signature and failure to correct the medical records was "calculated to mislead or deceive" Ham. *Adams*, 249 S.W.2d at 793. As Wilson notes, no cause of action had accrued when Wilson treated Ham; he had no reason, therefore, to hide his identity or delay suit. And Wilson's conduct does not otherwise evince deception. Ham's discharge paperwork stated that he had "been seen by Dr. Wilson." Dr. Wilson interacted in person with Ham all evening. He testified that he not only introduced himself to Ham, he also contacted MCDC—and presumably identified himself—to get background information on Ham's condition, and, after hearing that a patient matching Ham's description was being taken to Lourdes Hospital the next night, he called the Lourdes Hospital emergency room physician, whom he knew personally, to make himself available to answer questions. This is not the conduct of a person hoping to obscure his identity.

In any event, tolling is unwarranted because Wilson's conduct did not "in point of fact" mislead or deceive Ham, or obstruct him from timely filing suit. *Munday v. Mayfair Diagnostic Lab.*, 831 S.W.2d 912, 914, 39 5 Ky. L. Summary 44 (Ky. 1992) ("Our decisions construing

the statute and applying equitable estoppel appear to require 'some act or conduct which in point of fact misleads or deceives plaintiff and obstructs or prevents him from instituting his suit while he may do so.'") (quoting *Adams*, 249 S.W.2d at 792); *see also 500 Associates, Inc. v. Vermont Am. Corp.*, 496 Fed. Appx. 589, 596 (6th Cir. 2012) ("500 Associates was aware at the time that it filed the lawsuit that Vermont American might have omitted disclosing additional pollution on its property . . . . Under these circumstances, § 413.190(2) certainly does not operate to toll the limitations periods."). Ham, his sister, his daughter, and his attorney all **[615]** knew *before* Ham filed his complaint that Ham was treated by "Dr. Wilson." If Ham was not aware of or did not remember Dr. Wilson's full name, surely, in the "exercise [of] reasonable care and diligence," his attorney could have figured it out. *See Greywolf*, 2011 Ky. App. Unpub. LEXIS 575, 2011 WL 3361342, at *3. Under these circumstances, § 413.190(2) does not toll the limitations period for Ham's claims against Wilson. And because Ham does not argue that Sterling engaged in any obstructive conduct of its own, § 413.190(2) also does not toll the limitations period for Ham's claims against Sterling. *See* § 413.190(2) ("[T]his saving shall not prevent the limitation from operating in favor of any other person not so acting, whether he is a necessary party to the action or not.").

B.

Nor are Ham's claims timely under Federal Rule of Civil Procedure 15(c). ***HN3*** Rule 15(c)(1)(C) provides that an amendment that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," and if, within 120 days after the complaint is filed, "the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c); Fed. R. Civ. P. 4(m). Ham makes relation-back arguments only with respect to Wilson; the argument with respect to Sterling is therefore waived. *See Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013).

Defendants argue that Ham's claims do not relate back because by amending his complaint Ham sought to *add* parties, not to "change a party or change the name of a party." *See* Fed. R. Civ. P. 15(c)(1)(C). This court has held that claims against *additional* parties do not relate back. **4** *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) ("[T]he precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'") (quoting *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (in bankruptcy preference action, amended complaint seeking to recover funds from additional insurer did not relate back)); *see also Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 (6th Cir. 1978) (in employee suit against trucking company, amended complaint adding union as a defendant did not relate back); *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973) (in suit against General Motors, amended complaint adding the United Auto Workers as a defendant did not relate back). Wilson is not an *additional* defendant in the same sense as the defendants **[616]** in *Kent, Smart*, and *Marlowe*, however. Although Ham knew that Wilson and Forte were two different doctors, apparently thought that both were involved in his care, named only Forte in his original complaint, and then "added" Wilson seven months later without dismissing Forte at the same time, it is evident that in amending, Ham intended to charge Wilson with conduct initially attributed to Forte. The amended complaint charged Forte "and/or" Wilson with the same conduct and Ham subsequently dropped Forte from the suit. In that sense, Ham *changed* the party against whom he brought his claim and did not *add* a new party. **5** ***HN4*** An amendment that "changes the party . . . against whom a claim is asserted" relates back under Rule 15 if the remaining requirements of Rule 15(c)(1)(C) are met. Fed. R. Civ. P. 15(c); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("[A] change in the party sued . . . may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met.") (quoting *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993)); *see also Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403, 405 (6th Cir. 1982) (remanding for consideration

whether amended complaint naming successor corporations of original, defunct, defendant manufacturer met the mistake and notice requirements of Rule 15(c)). We assume arguendo that in naming Wilson as a defendant, Ham met the "change in party" requirement of the Rule.

The district court concluded that Rule 15(c) does not allow relation back because Ham's failure to name Wilson as a defendant was not the result of a *mistake* in the relevant sense, it was merely the result of Ham's failure to find out Wilson's name. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467 n.1, 120 S. Ct. 1579, 146 L. Ed. 2d 530 (2000) (Rule 15(c) "applies only in cases involving 'a mistake concerning the identity of the proper party.'"). That may well be right. We have distinguished a plaintiff's *mistake* concerning the identity of a party from a plaintiff's mere *failure to find out* a party's identity. *See Cox*, 75 **[617]** F.3d at 240; *see also Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 433-34 (6th Cir. 2013) ("We have previously held that an absence of knowledge is not a mistake as required by Rule 15(c)(1)(C)(ii).") (citing *Cox*, 75 F.3d at 240)); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) ("Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem."); *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008) ("In this court, a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c).") (citing *Cox*, 75 F.3d at 240). Undoubtedly Ham sued *Forte* under the mistaken belief that Forte made decisions regarding his care, but it is less clear why he did not name *Wilson* as a defendant. Ham, his sister, and his daughter, all testified that Ham knew that he was *not* treated by Dr. Forte and knew that he *was* treated by "Dr. Wilson," and Myers' January 2011 letter suggests that he did not name Wilson in the complaint only because he did not know Wilson's full name. Ham asserts that he intended to sue the physician who made the decision to discharge him from the hospital, and he *mistakenly* believed that Dr. Forte, and not Dr. Wilson, was that physician. Arguably, Ham's misunderstanding about the roles Forte and Wilson played in his care is a "mistake" under *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010), if one concludes that had Wilson received notice of the action, he would have recognized that he was the doctor who treated Ham and would have known that if he was on shift, then Forte was not. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii). But we need not go further down this road because Rule 15(c)(1)(C) requires more than a mistake.

***HN5*** Under Rule 15(c)(1)(C)(i), an amended complaint does not relate back unless, within the period for service of the summons and complaint, the defendant "received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i); Fed. R. Civ. P. 4(m). The notice may be actual or constructive. *See Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir. 1986). Wilson submitted an affidavit stating that he had no actual knowledge of Ham's suit until Ham filed his amended complaint (after expiration of the Rule 4(m) period) and nothing in the record contradicts that assertion. 6 Factors relevant to whether a **[618]** defendant received constructive notice "include the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both original and new defendants, and whether the new defendants are officials of the original defendant." *Force v. City of Memphis*, 101 F.3d 702, [published in full-text format at 1996 U.S. App. LEXIS 30233 at *8], 1996 WL 665609, at *2 (6th Cir. 1996) (table) (citing *Berndt*, 796 F.2d at 884). Here, the original complaint did not name Forte and Wilson's mutual employer, Sterling, so it cannot be said that Sterling, a defendant, knew that plaintiff sought to hold it liable for the conduct of the doctor who discharged Ham and simply named the wrong doctor. Forte notified Sterling of Ham's suit, and Sterling notified its malpractice insurance provider Oceanus Insurance Company ("Oceanus"). Oceanus hired counsel for Forte, and after Wilson was added hired the same counsel for Wilson. Any knowledge Sterling may have obtained about the suit and the particulars of the complaint through this process cannot be imputed to Wilson. Accordingly, we find that Wilson did not receive the notice required to allow relation back.

We affirm the district court's dismissal of Ham's action.

**Footnotes**

1

The parties' briefs do not mention this letter or the deposition testimony of Ham's sister and daughter. Alicia and Jessica Ham responded in a letter date-stamped January 20, 2011, stating that the only Dr. Wilson they were able to find at the Hospital was Dr. William Wilson, a radiologist. *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

2

The complaint alleged that Forte "was the physician at the Hospital responsible for attending to the medical needs of Plaintiff, established policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of the employees of and health care professionals at the Hospital who were supposed to attend to Plaintiff's medical needs, and personally participated in the mistreatment of Plaintiff." R. 1, Compl. at ¶ 9. The complaint alleged that the John and Jane Does, "were at all times mentioned herein employees of and health care professionals at the Jail and the Hospital who were responsible for attending to the medical needs of Plaintiff, and personally participated in the mistreatment of Plaintiff." *Id.* at ¶ 10.

3

He also named radiologist, William R. Wilson, M.D., and his practice group, Radiology Associates of Murray, PLLC, as defendants. Dr. William Wilson was the radiologist who prepared "radiology reports" explaining the results of the CT scans ordered during Ham's emergency room visit. He was not at the Hospital the night Ham was there. Ham voluntarily dismissed Dr. William Wilson and Radiology Associates of Murray, PLLC, in November 2011.

4

Circuits' approaches differ on this point. *See* 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1498.2 (3d. ed.) (noting that "[m]any courts have liberally construed the rule to find that amendments simply adding or dropping parties, as well as amendments that actually substitute defendants, fall within the ambit of the rule, although some courts have adopted a narrower construction," and concluding that "[t]he better practice . . . is to determine the propriety of the amendment in light of the Rule 15(c) notice requirements"); *see also, e.g., Goodman v. Praxair, Inc.*, 494 F.3d 458, 468 (4th Cir. 2007); *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1193 n.13 (3d Cir. 1994).

5

We have said that while Rule 15(c) permits the correction of misnomers, it "does not permit the addition *or substitution* of new parties" after the expiration of the statute of limitations. *Marlowe*, 489 F.2d at 1064 (citing *Graves v. General Insurance*

*Corporation*, 412 F.2d 583 (10th Cir. 1969)). How, and whether, "substituting" a defendant differs from "changing" a defendant is unclear. *Compare Webster's Third New International Dictionary* 374 (2002) (defining "change" as "the act of replacing something with something else of the same kind or with something that serves as a substitute") *with id.* at 2280 (defining "substitute" as "to replace with another"). Undoubtedly, however, the Rule applies to more than merely correcting misnomers, i.e., correcting the name of a party already before the court. *See* Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1498.2 (3d ed.) ("A misnomer is involved when the correct party was served so that the party before the court is the one plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect."). The Rule's text alone makes that clear. *See* Fed. R. Civ. P. 15(c)(1)(C) (An amendment relates back when it "changes the party *or* the naming of a party" and meets the other requirements of the rule). And, in any event, we have applied the Rule outside that context, *see Ringrose*, 692 F.2d at 405 (amended complaint named successor corporations to original defendant); *Black-Hosang v. Ohio Dep't of Pub. Safety*, 96 F. App'x 372, 374 (6th Cir. 2004) (amended complaint substituted individual police officer for state Department of Public Safety), and so has the Supreme Court, *see Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010) (amended complaint substituting correct company for improperly named company). *See also Krupski*, 560 U.S. at 548 n.3 ("Rule 15(c)(1)(C) . . . is not limited to the circumstance of a plaintiff filing an amended complaint seeking to bring in a new defendant," but that is "the 'typical case'" of the Rule's applicability) (citing 3 Moore's Federal Practice § 15.19[2] (3d ed. 2009)).

6

Ham asks us to remand for additional discovery regarding Dr. Wilson's notice during the limitations period. We decline to do so. Ham filed his amended complaint on August 2, 2011. Wilson and Sterling filed an Answer on August 31, 2011, asserting that Ham's complaint was time-barred. Ham's counsel deposed Wilson five months later, on January 24, 2012, without asking Wilson when he first learned of Ham's suit or about his communications with Sterling. Defendants moved for summary judgment in March 2012, submitting a signed affidavit from Wilson stating that he did not know that Ham had filed suit until he was served with the amended complaint. Ham thereafter filed a motion to compel seeking a privilege log of defense counsel's communications with Forte and Wilson during the Rule 4(m) period, which defendants voluntarily produced on June 18, 2012. The log showed no communications with Wilson regarding the action. The district court delayed decision on the motion for summary judgment to allow Ham additional time for discovery. Ham noticed the deposition of Sterling in October 2012, and then, a month later sought an additional extension of time and filed a motion to compel, contending that Sterling's designated representative lacked adequate knowledge of the suit. At this point, Ham had been on notice of Sterling and Wilson's statute-of-limitations defense for well over a year and the discovery deadline in the scheduling order had passed. The district court acted within its discretion when it denied Ham's motions in its order granting defendants' motion for summary judgment. *See Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010).

**Content Type:** Cases

**Terms:** Ham v. Sterling Emergency Services, 575 Fed. Appx. 610 (6th Cir 2014)

**Narrow By:** -None-

**Date and Time:** Jul 06, 2016 04:59:28 p.m. EDT

LexisNexis® About LexisNexis® Privacy Policy Terms & Conditions Sign Out

Copyright © 2016 LexisNexis. All rights reserved. RELX Group™